## Sheeder *v.* Moseby, Appellant.

*Replevin—Stray cattle—Impounding—Act of April 13, 1807.*

One who has impounded a cow, which is subsequently replevined by its owner, cannot acquire a lien for shelter, care and feeding of the cow under the Act of April 13, 1807, 4 Sm. L. 472, unless he has given notice of such impounding to the owner or to the township clerk, as provided by said act.

Argued October 29, 1919.  Appeal, No. 221, Oct. T., 1919, by defendant, from judgment of C. P. Fulton County, Oct. T., 1918, No. 31, on verdict for plaintiff in the case of Jesse Sheeder v. Robert Moseby.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Affirmed.

Replevin to recover possession of a cow and calf. Before McPherson, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $320 and judgment thereon. Defendant appealed.

*Errors assigned* were in the following form:

(1) The court erred as follows to wit:

"Mr. Sipes. I propose to prove by the witness on the stand that in October 1917, until December of that year the witness was the secretary of the board of supervisors of Wells Township and no one, neither the defendant nor any one else filed with him a description nor any one else filed with him a description concerning a stray cow taken up."

"Mr. Petrikin. Objected to, that there is no duty under the law now resting upon the owner of stray cattle nor the owner of premises upon which stray cattle came to give any notice to the secretary of the supervisors of any township with respect thereto. In addition to this the offer is not accompanied by any statement of the purpose for which it is offered.

"Mr. Sipes. To show that the defendant did not comply with the stray law as he was in duty bound to do to protect himself against the demand of the plaintiff."

"By the Court. I take it that under the law and under this decision in order to enforce a lien for damages notice to the town clerk will have to be shown as a requisite. Exception for the defendant, bill sealed."

"Mr. Petrikin. I propose to prove by the witness on the stand that the cow and the calf, the cow first and the calf afterwards were on the Moseby premises in Wells Valley from the 26th day of October 1919 until the 14th day of August 1918; that the premises in Wells Valley were enclosed on every side and that on the 26th day of October the cow in question coming from some place outside of defendant's premises broke into the premises and thereby caused damage to the fences

and to the herbage and that from the 26th day of October 1917 until the 14th day of August 1918 the defendant cared for the cow and calf in question and now claims the right to testify specially as to the amount expended by him in so caring for the cow and calf as damages for the estray coming upon his premises on the 26th of October and remaining there until the 14th of August."

"Mr. Sipes. This objected to because it is not proposed to follow the offer with evidence that the defendant complied with the requirements of the Act of Assembly of 1807 relating to estrays."

"By the Court. The offer not containing any offer to follow the testimony with notice either to the owner of the cow, or he being unknown, to the town clerk as provided or the secretary of the board of supervisors who was performing the duties of town clerk, within the time specified by the Act of Assembly of 1807, the evidence is rejected, objection sustained. Exception by the defendant, bill sealed."

*Harry W. Petrikin,* and with him *S. W. Kirk,* for appellant.

*John P. Sipes,* and with him *John R. Jackson,* for appellee.

OPINION BY KELLER, J., February 28, 1920:

This was an action in replevin for a cow which had broken into the enclosed lands of the defendant, and her calf, born subsequent to her impounding. The defendant did not deny the plaintiff's ownership of the cattle, but claimed a lien for their shelter, care and feeding which he sought to recover by means of a conditional verdict as provided in Section 6 of the Act of April 19, 1901, P. L. 88, relating to replevin. His offer to prove the damage done to his herbage and the money expended by him in feeding and caring for the cattle during the nine months they were in his possession, before suit brought,

was rejected by the learned trial judge because he had not complied with the provisions of the Act of April 13, 1807, 4 Sm. L. 472, by giving notice to the owner or filing a description of the stray animal with the town clerk, if the owner could not readily be found.

The Act of April 13, 1807, was extended by Act of March 25, 1813, 6 Sm. L. 59, so as to include what is now Fulton County. It has never been repealed and wherever operative, provides the only method in force for seizing and impounding stray animals damage feasant. Section 5 of said act provides: "That if any person or persons taking up any stray or strays shall neglect to give notice as is hereinbefore directed, he, she or they so offending, shall forfeit all right and title to or recovery of any sum or sums of money for any trespass committed by the same, but shall deliver up said stray or strays so detained to the owner thereof, without any recompense, fee or reward whatsoever."

The defendant admitted that notice had not been given as required by the Act of 1807, but claimed the right to recover his expenses and damages as a conditional verdict in this action because the plaintiff had not proceeded under the Stray Act but in replevin. The case of Young v. Couche, 52 Pa. Superior Ct. 592, upon which he relies, does not support his proposition. In that case it was pointed out by our Brother HEAD, that while the Replevin Act of 1901 furnished a method of procedure to an owner for recovering his strayed cattle, in addition to that provided by the Act of 1807, neither act offered any obstacle to the operation of the other. The defendant, in that case, offered to prove that he had seized the plaintiff's horse while trespassing on his enclosed lot and had given notice to the owner (as required by the Act of 1807), that it would be held to secure compensation for the damage done, according to law, and claimed thereby to have acquired a lien on the horse which entitled him to the conditional verdict provided for in the Replevin Act of 1901. It thus appeared that he had complied with the

provisions of the Act of 1807—so far as was possible before the horse was replevied—and it made no difference with respect to his right to reimbursement, which method the owner of the horse adopted to recover his property. The learned court below correctly construed our decision in Young v. Couche, when it said in its opinion refusing a new trial: "A careful reading of the decision in that case shows that the ruling does not mean that the defendant had a lien irrespective of the Act of 1807, but that, having a lien, he was entitled under the facts of that case and the provisions of the Replevin Act of 1901, to prove his lien as matter of defense pro tanto in the action of replevin and secure his damages by the conditional verdict provided for by Section 6 of the Act of 1901. In that case the defendant offered to prove facts which under the Act of 1807 would have established a lien and the appellate court held he was entitled to do so in the action of replevin and was not restricted to the remedy provided by the Act of 1807 to secure his damages. In our case the same privilege was open to the defendant, if he had been able to establish that he had a lien. This, however, he was unable to do, as under the Act of 1807 which regulated his right to a lien, he had lost his lien by his failure to give notice or file a description of the animal as required by the Act." Judge HEAD stated the situation most lucidly in his opinion in that case: "Had the present plaintiff seen fit to pursue the remedy given to her by the Act of 1807, the defendant would have been obliged to follow the procedure therein prescribed to enforce his lien. Had she permitted the horse to remain in the defendant's possession, the same result would have followed. By electing to sue out a writ of replevin she could recover the possession of her chattel, but she could not deprive the defendant of the benefit of his lien if he had acquired one. It would simply be transferred from the chattel to the bond which stood in lieu of it"; thus asserting distinctly the necessity for the defendant therein to comply with the provisions of the Act of 1807 if he

intended to assert and enforce his lien. Had the defendant done so in this case, he could likewise have enforced his lien upon the cattle, whether the plaintiff proceeded under the Stray Act or in replevin. But as he failed to comply with the provisions of the Act of 1807, by giving notice of the estray either directly to the owner or to the town clerk, he acquired no lien and became a trespasser ab initio: Fitzwater v. Stout, 16 Pa. 22; Irwin v. Mattox, 138 Pa. 466; and replevin was an appropriate remedy for the plaintiff to pursue to regain his property: Irwin v. Mattox, supra, p. 473.

As the defendant did not claim title to, or ownership of, the cattle, but only a lien upon them, it may be doubted whether he had the right to give a counter bond and keep the cattle: Pickering v. Yates, 51 Pa. Superior Ct. 436; Singer v. Pintzuk, 53 Pa. Superior Ct. 43, p. 45; but as the plaintiff apparently raised no objection to his doing so, it is not directly before us. We are not to be understood, however, as approving the practice.

The assignments of error are overruled and the judgment is affirmed.