## Singer, Appellant, v. Pintzuk.

*Appeals—Interlocutory   order—Replevin—Counter   bond—Quashing appeal.*

An order of the common pleas discharging a rule to strike from the record a counter bond filed by a defendant in an action of replevin brought to recover possession of property seized on a distress for rent, is an interlocutory order from which no appeal lies.

Argued Oct. 23, 1912.   Appeal, No. 80, Oct. T., 1912, by plaintiff, from order of C. P. No. 4, Phila. Co., March Term, 1912, No. 2,275, discharging rule to strike off counter bond in case of Lizzie Singer v. Solomon Pintzuk and George Brill, Constable.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Appeal quashed.

Rule to strike off counter bond.

From the record it appeared that the plaintiff issued a writ of replevin for a quantity of merchandise which were distrained upon for rent alleged to have been due for use and occupancy of premises No. 610 South Fifth street, Philadelphia, filed an affidavit averring the value of the said merchandise to be $300, and entered security in the sum of $600 conditioned that her writ would be sued out with effect.

One of the defendants within forty-eight hours of the issuance of the said writ entered a counter bond which was conditioned, inter alia, as follows: "That if the above bounden Solomon Pintzuk and George Brill, defendants, in said recited writ of replevin failed to maintain their title to such goods and chattels they shall pay," etc.; and the defendants, by virtue of the counter bond, entered in the office of the prothonotary, seized the goods and chattels, referred to in the writ of replevin and attempted to remove them into the defendants' own custody.

On March 30, 1912, the court upon plaintiff's petition

44　　　　SINGER, Appellant, *v.* PINTZUK.

Statement of Facts—Opinion of the Court.　[53 Pa. Superior Ct.

entered a rule upon the defendants to show cause why the counter bond should not be stricken off and the sheriff redeliver possession of the goods to the plaintiff.

On April 13, 1912, the court made an order discharging plaintiff's rule, from which order this appeal is taken.

*Error assigned* was the order of the court.

*Maurice J. Speiser*, with him *Benjamin F. Glazer*, for appellant.—It is submitted that the order of the learned court below deprives the plaintiff in this case of certain rights of which she will not be able to avail herself by appeal after final judgment: Swope v. Crawford, 16 Pa. Superior Ct. 474.

In other states it has been held that where an interlocutory order will deprive a party of a substantial right if the alleged error be not corrected before final judgment, an appeal will lie: Skinner v. Carter, 108 N. C. 106 (12 S. E. Repr. 908); Leak v. Covington, 95 N. C. 193; Merrill v. Merrill, 92 N. C. 657; Wood v. Harmison, 41 W. Va. 376 (23 S. E. Repr. 560).

*Louis Goodfriend*, for appellees.—The order is interlocutory: Philadelphia & Reading R. R. Co. v. Snowdon, 161 Pa. 201; Carter v. Caldwell, 147 Pa. 370; Philadelphia v. Christman, 6 Pa. Superior Ct. 29; Moss v. Mitchell, 174 Pa. 517; Lafferty v. Corcoran, 175 Pa. 5; Slingluff v. Sisler, 193 Pa. 264; Slocum's Appeal, 12 W. N. C. 84.

No appeal lies where the judgment is one which does not dispose of the whole of the controversy: Royer v. Tate, 1 P. & W. 227; Stulzfoos' Appeal, 3 P. & W. 265; Hawk v. Jones, 24 Pa. 127; Breitweiser v. Scott, 33 Pa. Superior Ct. 627.

OPINION BY HENDERSON, J., February 27, 1913:

This is an appeal from the action of the court below refusing to strike from the record a counter bond filed by Pintzuk, one of the defendants in an action of replevin

brought by the plaintiff against him to recover possession of the plaintiff's property seized by the defendant on a distress for rent. The principal part of the argument of the counsel for the appellant and appellees is devoted to a consideration of the question whether the defendant in an action of replevin on a distress for rent may file a counter bond and retain the property. This question was before us in Pickering v. Yates, 51 Pa. Superior Ct. 436, handed down October 14, 1912. It was there held that the act of April 19, 1901, regulating the practice in cases of replevin, did not change the law as it theretofore existed with reference to the right of the defendant in respect to a claim property or counter bond. It is unnecessary to repeat the reasons given for the conclusion reached in the case referred to that a landlord against whom a writ of replevin is issued to recover chattels seized on a distress for rent cannot file a counter bond and retain the property replevied. He is not the owner of the property and does not claim to be the owner. This question was not involved in the case of Drumgoole v. Lyle, 30 Pa. Superior Ct. 463. If the question were properly before us we should feel constrained to reverse the order of the court, but we regard the action taken as interlocutory. The case is still pending and no substantial right of the plaintiff has been violated which cannot be redressed on the final determination of the case. The seventh section of the Act of April 19, 1901, P. L. 88, provides that if the title to the replevied goods and chattels be found finally to be in any party who has not been given possession of the same in said proceeding the jury shall determine the value thereof to the successful party and he may at his option issue a writ in the nature of a writ of retorno habendo requiring the delivery thereof to him with an added clause of fieri facias as to the damages awarded and costs; and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof and damages awarded and costs. It will thus be seen that if the plaintiff be successful at the trial she has the election ·

to proceed to recover the identical property with damages or she may, if she prefer, sue on the bond for the money value of her loss. Whether the defendant could file a counter bond or not, therefore, he did not by the filing of the bond work a conversion of the property thus remitting the plaintiff exclusively to redress on the bond. We think, therefore, the appeal is premature and that it must be quashed.

Appeal quashed.