# Lynn, Appellant, v. Lynn.

*Practice, Supreme Court—Appeals—Orders—Interlocutory and final orders—Rule to impound replevied goods.*

1. An order of the Common Pleas Court discharging a rule to show cause why goods replevied should not be impounded is final as to the custody of the goods, and the Supreme Court will take jurisdiction of an appeal from such an order.

*Practice, C. P.—Replevin—Act of April 14, 1905, P. L. 163—Construction—Impounding replevied goods.*

2. The Act of April 14, 1905, P. L. 163, providing that upon the filing of an affidavit by the plaintiff to the effect that by reason of the nature of property replevied the pecuniary value thereof will not compensate him for the loss thereof, the court shall order the property to be impounded, is remedial; the word "shall" is imperative and is to be regarded as peremptory, and where such affidavit is filed and the other requirements of the act are complied with the court should as a matter of course make an order to impound the goods. In such case it is for the plaintiff, and not for the court, to say whether by reason of the nature of the property or of any special circumstances connected with plaintiff's ownership thereof the actual pecuniary value of such property will not compensate him for the loss thereof.

3. Where in an action of replevin the plaintiff filed a petition in which he averred in effect that the greater part of the chattels replevied were antique, and were purchased by petitioner at public sale of the effects of old families, and prayed that the goods might be impounded under the Act of April 14, 1905, P. L. 163, and the answer admitted most of the averments of the petition, but claimed ownership of the goods and denied that any of the articles covered by the writ were heirlooms or family pieces of the plaintiff's family, the court erred in discharging a rule to show cause why the goods should not be impounded and on appeal the order was reversed.

Argued Jan. 10, 1917. Appeal, No. 147, Jan. T., 1916, by plaintiff, from order of C. P. No. 2, Philadelphia Co., March T., 1916, No. 919, discharging rule to show cause why goods replevied should not be impounded, in case of Jacob H. Lynn v. Alberta H. Lynn. Before MESTREZAT,

POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Replevin to recover household goods.

Rule to show cause why goods replevied should not be impounded by the court under the Act of April 14, 1905, P. L. 163. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*J. Hibbs Buckman,* of *Buckman & Buckman,* with him *W. J. Sturgis,* for appellant.

*Thomas F. Gain,* with him *Francis Shunk Brown,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 26, 1917:

This was an action of replevin brought to recover certain household goods. Plaintiff filed with his præcipe an affidavit averring that all the goods replevied were, "by reason of the nature of such property and by reason of the special circumstances connected therewith, and with his alleged ownership thereof, such that the actual pecuniary value of such property will not compensate him for the loss thereof." He afterwards filed a petition in which he averred, "that the greater part of said chattels are antique, and old, and were purchased by petitioner at various public sales of the effects of old families, and were family pieces, and at auctions in various parts of the country and at private sales, and were part and parcel of his home, an old farm house in Bucks County, remodelled as of a bygone period, and furnished in the period of the house, which house is still the property of petitioner." He prayed that the goods might be impounded in the custody of the sheriff or of a storage company, to abide the final determination of the action,

in accordance with the provisions of the Act of April 14, 1905, P. L. 163.

A rule to show cause why the prayer of the petitioner should not be granted was allowed, whereupon defendant filed an answer, admitting most of the averments of the petition, but claiming ownership of the goods, and denying that any of the articles covered by the writ are heirlooms, or "family pieces," of the plaintiff's family. No testimony was taken, and, after hearing on petition and answer, the court below discharged the rule. Plaintiff has appealed.

Counsel for the appellee has filed a motion to quash the appeal on the ground that the order from which the appeal was taken, is interlocutory. In Frey's Est., 237 Pa. 269, the question was whether an appeal could be taken from the refusal of the court below to allow a petitioner to intervene as a party. The present Chief Justice there said (p. 271) : "While, as a rule, an appeal will not lie from an order refusing leave to intervene, because such order is not a final one, cases may arise where a denial of a petition to intervene would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way; and in such cases the refusal to permit an intervention is a final order or decree as to the petitioner."

In the case now before us, the action of replevin is pending, but the order from which the appeal is taken is final as to the custody of the goods. If they are not impounded, but left in the possession of defendant, she may sell them or remove them from the jurisdiction of the court, and plaintiff would have no remedy except suit on defendant's counter-bond. This would defeat the purpose of the act, which was to preserve the particular goods until the determination of the suit, so that they may then be delivered to the party in whose favor judgment is entered. To allow them to be taken by defendant, with no security except the bond for their production to answer a judgment in plaintiff's favor, would, in the language of Mr. Justice Brown, quoted above, "be a

practical denial of relief to which the petitioner......is entitled and can obtain in no other way."

Counsel for appellee cite Singer v. Pintzuk, 53 Pa. Superior Ct. 43, in which it was held that an appeal would not lie from an order discharging a rule to strike off a counter-bond. But there was no allegation in that case that the goods there in question possessed any special quality or association, or that their pecuniary value would not be full compensation for their loss. The Act of April 14, 1905, P. L. 163, provides that, upon the filing of the affidavit prescribed, the court "shall order" the property to be impounded. In its ordinary sense the word "shall" is imperative, and is to be regarded as peremptory. The Act of 1905 is remedial, and we see nothing in its spirit or purpose to require anything but the usual construction to be given to its language. There is nothing in the statute which makes it the duty of the court, before impounding the goods, to ascertain whether the property replevied actually has the particular associations, or value, that plaintiff avers. We think the legislature intended that, when plaintiff filed the affidavit prescribed, and complied with the other requirements of the act, the court should, as a matter of course, make the order to impound the goods. The act applies to all cases where "by reason of the nature of such property, or of any special circumstances connected with his [plaintiff's] alleged ownership thereof, the actual pecuniary value of such property will not compensate him for the loss thereof." Whether or not it will do so, is for the plaintiff to say, and not for the court.

The order of the court below discharging the rule to show cause why the goods should not be impounded is reversed, and it is directed that the rule be made absolute, and that, upon compliance by plaintiff with the requirements of the Act of April 14, 1905, P. L. 163, as to necessary charges and expenses of storage, the court below shall order the property to be impounded as required by the said act, pending the final determination of this action.