## Balog v. McGurl et al.

*Replevin—Impounding goods under Act of April 14, 1905—Practice.*

Where the plaintiff filed an affidavit in the language of the Act of April 14, 1905, P. L. 163, that "by reason of the nature of such property and the circumstances connected with his alleged ownership thereof, the actual pecuniary value of such property will not compensate him for the loss thereof," he became entitled to the relief of having the goods impounded pending action to try title, on such *ex parte* averment alone, as against defendant's claim property bond.

Motion to impound chattels pending action to try title. C. P. Lackawanna Co., March T., 1923, No. 678.

*L. D. Savige*, for plaintiff; *M. F. Lally*, for defendant.

NEWCOMB, J., March 19, 1923.—The action is replevin. The subject-matter is a miner's jack hammer of a designated type. Either the original or the intervening defendant gave a claim property bond for the purpose of retaining possession of the implement. That brought on this motion. Plaintiff filed an affidavit under the Act of April 14, 1905, P. L. 163. His averment is that "by reason of the nature of such property and the circumstances connected with his alleged ownership thereof, the actual pecuniary value of such property will not compensate him for the loss thereof."

It is not apparent how this can be so. Presumably the property can be duplicated at any one of the various stores in and about this city, where mining implements are always on sale. If, therefore, the averment were open to inquiry, the plaintiff might have difficulty in making it good. But it is set out

3 D. & C.

in the exact language of the statute, and that has been held to be conclusive. In the case cited below the property at stake was of very different character, being for the most part pieces of antique furniture which had been collected by dint of painstaking effort on the part of a fancier. But the Supreme Court attached no special importance to that fact, saying "the act applies to all cases where, 'by reason of the nature of such property,' etc.—reciting the words of this affidavit—'the pecuniary value of such property will not compensate for the loss thereof.' Whether or not it will do so is for the plaintiff to say, and not for the court:" Lynn v. Lynn, 256 Pa. 563.

This view makes plaintiff's *ex parte* averment decisive in favor of the relief asked for and leaves nothing for the judgment of the court. That may be the reason why defendants have made no formal contest, but have contented themselves with an appearance and a perfunctory objection by counsel.

The rule is made absolute and the chattel in question directed to be impounded in custody of the sheriff pending final determination of the suit, upon security being given by plaintiff in the sum of $100, with surety to be approved by the court or a judge thereof, conditioned, according to law, for the payment of such charges incidental to such custody and storage as the court or one of the judges shall approve.

The security to be entered within seventy-two hours, or in default thereof this order to be vacated.          From William A. Wilcox, Scranton, Pa.