677 A.2d 1256

JERRY DAVIS, INC., Appellant

v.

NUFAB CORPORATION d/b/a Gothum or Gotham Club.

JERRY DAVIS, INC.

v.

NUFAB CORPORATION d/b/a Gothum
or Gotham Club, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 15, 1996.

Decided June 5, 1996.

Steven D. Masters, Philadelphia, for Jerry Davis, Inc.

Beth Schulman, Narberth, for NuFab Corp.

Before McEWEN, President Judge, and TAMILIA and BROSKY, JJ.

BROSKY, Judge.

These appeals are from the interlocutory order of the trial court which denied Jerry Davis, Inc.'s motion for issuance of a writ of seizure and directed the parties to pay a third person, who is not a party to this lawsuit, for the rental value of electrical transformers.

The parties present the following issues for review: (1) whether the trial court's interlocutory order is appealable as of right; (2) whether the trial court erred in refusing to grant the motion for issuance of a writ of seizure; and (3) whether the trial court erred in awarding monetary damages to a third-person who is not a party to this proceeding. For the reasons set forth below, we quash these appeals.

Before addressing the parties' claims, we will briefly recount the pertinent facts of this case. Appellant, Jerry Davis, Inc., is an electrical contractor. During the summer of 1994, appellant entered into a contract with appellee, NuFab Corporation (NuFab), to perform various electrical work in a building leased by NuFab.[1]

The parties' relationship terminated on or around January of 1995 and appellant left the job site. Appellant was only paid for a portion of the goods and services rendered to appellee. Appellee subsequently hired another contractor to complete the remaining work and rectify electrical violations for which appellee had been cited by the City of Philadelphia building inspectors.

Appellant instituted this replevin action in June of 1995 to recover possession of the electrical wiring and equipment which he installed in the building. The complaint further asserted a contractual claim based on appellee's failure to pay the remaining sums owed under the parties' agreement. Appellant subsequently filed a motion for issuance of a writ of seizure of the property which was the subject of the replevin action.

The trial court conducted a hearing on the motion at which both parties were present. During the course of the hearing, the court discovered that appellant had rented electrical transformers from Delaware Valley Electrical Equipment and Sales (DVEES) in order to temporarily provide electrical service to

---

1. NuFab is the appellee/cross-appellant. For clarity and ease of discussion, we will refer to NuFab as the appellee. NuFab leased a building and planned to operate a nightclub therein called the Gotham or Gothum Club. The owner of the building is not a party to this litigation.

the nightclub while the construction was in progress.[2] However, NuFab retained possession of the transformers and had failed to pay the rental value therefor. Following the hearing, the trial court denied appellant's motion for issuance of a writ of seizure. The trial court further directed both parties to pay DVEES for the accrued and future rental payments on the electrical transformers; these payments were evenly apportioned between the parties. The parties respectively filed the appeal and cross-appeal therefrom.

As a preliminary matter, we must first ascertain whether we have jurisdiction to entertain this appeal. It is a fundamental principle of law that an appeal will lie only from a final order unless otherwise permitted by rule or statute. *Motheral v. Burkhart*, 400 Pa.Super. 408, 414, 583 A.2d 1180, 1183 (1990) (*en banc*). The order in this case does not constitute a final order as defined by Pa.R.A.P., Rule 341(b), 42 Pa.C.S.A. (providing that a final order is one which either disposes of all claims or parties, is defined as such by statute or is entered as a final order pursuant to Rule 341(c); none of these requirements exist here). The parties do not dispute this assessment, but contend that the order is appealable under Pa.R.A.P., Rule 311(a), 42 Pa.C.S.A., which governs appeals as of right from interlocutory orders.

The parties suggest that the instant order is appealable pursuant to either subsections (a)(2) or (a)(4) of the rule. Rule 311(a)(2) provides for an interlocutory appeal as of right from an order "confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property." Rule 311(a)(4), on the other hand, permits an interlocutory appeal to be as of right taken from an order "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions." The parties refer us to *Sameric Corp. of Valley Forge v. Valley Forge Center Association*, 102 Pa.Commw. 581, 519 A.2d 546 (1986), *Triffin v. Interstate Printing Co.*, 357 Pa.Super. 240,

2. DVEES is not a party to this litigation.

515 A.2d 956 (1986), *appeal dismissed as having been improvidently granted,* 517 Pa. 317, 535 A.2d 1054 (1988), *Temtex Products, Inc. v. Kramer,* 330 Pa.Super. 183, 479 A.2d 500 (1984) and *Foulke v. Lavelle,* 308 Pa.Super. 131, 454 A.2d 56 (1982) in support of their respective positions.

The parties' reliance on these decisions is misplaced. *Triffin* and *Foulke* both addressed the appealability of orders involving an attachment of judgment debtors' property which was held by third-party garnishees. *See Triffin,* 357 Pa.Super. at 243–244, 515 A.2d at 957–958 (order refusing to grant motion for judgment on the pleadings in garnishment proceeding to attach a debtor's bank accounts) and *Foulke,* 308 Pa.Super. at 136, 454 A.2d at 58 (order denying motion to set aside writ of attachment). *Sameric* and *Temtex,* on the other hand, addressed the appealability of orders granting or denying a request for injunctive relief. *Sameric,* 102 Pa.Commw. at 588–589, 519 A.2d at 550; *Temtex,* 330 Pa.Super. at 190, 479 A.2d at 503. The orders in *Triffin* and *Foulke* concerned attachments and, thus, clearly fell within the scope of Rule 311(a)(2). *Triffin* and *Foulke, supra.* The orders in *Sameric* and *Temtex* likewise fell squarely within Rule 311(a)(4), since they involved the grant or denial of injunctive relief. The issue presented here, however, implicates the appealability of an order denying a motion for writ of seizure in a replevin action. *Triffin, Foulke, Sameric* and *Temtex* did not involve an order of this type. Nor did these cases consider whether such orders were appealable under Rule 311. Consequently, these decisions are not dispositive.

■ Although the cases referenced by the parties are not controlling, we must ascertain whether the trial court's order is nonetheless appealable under Rule 311. In construing the rules promulgated by our Supreme Court, we are mindful of the fact that the appellate procedural rules are to be interpreted in accordance with the Statutory Rules of Construction, *codified at* 1 Pa.C.S.A. §§ 1901–1991, and regarded as if they were enacted by the General Assembly. Pa.R.A.P., Rule 107, 42 Pa.C.S.A. As with the construction of all statutes or procedural rules, our objective is to ascertain and effectuate the

intention of the General Assembly and the Supreme Court. *See* 1 Pa.C.S.A. § 1921(a). Words and phrases must be construed according to rules of grammar and their common and approved usage, but technical words and phrases and such others as have acquired a peculiar and appropriate meaning shall be construed according to such peculiar and appropriate meaning. 1 Pa.C.S.A. § 1903(a). Where the words of the rule are not explicit, we must look to the considerations set forth in 1 Pa.C.S.A. § 1921(c) in order to ascertain the intention of the General Assembly and Supreme Court. Words and phrases necessary to the proper interpretation of a statute may be added in the construction thereof where they do not conflict with a rule's obvious purpose and intent or in any way affect its scope and operation. 1 Pa.C.S.A. § 1923(c). However, it is also a well settled maxim of statutory construction that "expressio unius est exclusio alterius," *i.e.,* "the mention of one thing implies the exclusion of others not expressed." *Scott Township Appeal,* 388 Pa. 539, 543, 130 A.2d 695, 698 (1957); *Henrich v. Harleysville Insurance Companies,* 403 Pa.Super. 98, 103–104, 588 A.2d 50, 52 (1991), *affirmed,* 533 Pa. 181, 620 A.2d 1122 (1993).

Proper interpretation of Rule 311 must necessarily begin with a review of appellate jurisdiction as conferred by the General Assembly. While the General Assembly has provided a virtually unfettered right to appeal final orders, the right to appeal interlocutory orders has been narrowly circumscribed. Interlocutory appeals are thus available either by permission or as of right. 42 Pa.C.S.A. § 5105(c). With regard to the latter category, interlocutory appeals as of right exist for those limited classes of orders in which permission to appeal would be regularly permitted. *Id.* Such orders are to be specified by general rule. *Id.* Pursuant to this legislative directive, the Supreme Court has identified the classes of interlocutory orders which are appealable as of right; these orders are delineated in Pa.R.A.P., Rules 311(a–f) and Rule 313, 42 Pa.C.S.A.[3]

---

**3.** None of the categories set forth in Rule 311(a) or Rule 311(b–f) are applicable to this case. These subsections thus will not be discussed.

■ Orders involving attachments, receiverships, custodianships or other similar matters affecting the possession or control of property, are among the classes of interlocutory orders which are appealable as of right. Rule 311(a)(2), *supra.* Interlocutory orders involving injunctions are likewise appealable as of right. Rule 311(a)(4), *supra.* Attachments, custodianships, receiverships and injunctions have technical and peculiar meanings when applied in the legal context; these terms refer to a particular type of action or remedy. Replevin is likewise a distinct form of legal action and relief. "Replevin" is not a term which can be equated or used interchangeably with attachment, receivership, custodianship or injunction. Our conclusion is supported by the fact that the Supreme Court has enacted specific rules governing the practice and procedure applicable to each of these types of action or relief. *See, e.g.,* Pa.R.C.P., Rules 1071–1088 (replevin), Rule 1531 (injunctions), Rule 1533 (receivers), Rules 3101–3149 (garnishment/attachment), 42 Pa.C.S.A.

The Supreme Court's adoption of specific rules evinces its awareness of the distinctions between these proceedings and its desire to treat them differently. The Supreme Court has accordingly decided that interlocutory orders relating to attachments, receiverships, custodianships and other similar matters affecting property, as well as injunctions, are all appealable as of right. However, interlocutory replevin orders of the type at issue here were not specifically addressed in either Rule 311(a)(2) or (a)(4). The Court's failure to specifically include such orders therein thus suggests that these orders were not intended to be appealable as of right.

The Court's omission appears to have been deliberate rather than an inadvertent oversight. Prior to the adoption of the procedural rules, the appellate courts quashed interlocutory appeals of replevin orders unless special circumstances justifying immediate appellate review were present. *See, e.g., Northern Financial Corp. v. Watkins,* 414 Pa. 625, 626, 202 A.2d 9, 9 (1964) (quashing appeal from interlocutory order issuing writ of replevin); *Lynn v. Lynn,* 256 Pa. 563, 565–566, 100 A. 975, 976 (1917) (allowing appeal from interlocutory

order denying plaintiff's request for impoundment of chattels sought to be replevied where the property consisted of valuable antiques and the actual pecuniary value of the property would not fully compensate the plaintiff in the event the defendant disposed of the goods); *Singer v. Pintzuk,* 53 Pa.Super. 43, 45–46 (1913) (quashing appeal from interlocutory order refusing to strike off replevin defendant's counterbond, where no substantial right of the plaintiff was violated and resolution of the issues could be redressed on the final determination of the case). Had a change in the law been intended, mention of this fact would have appeared in either the rule itself or in the commentary thereto. Neither the rule, the comments nor the notes thereto reference this subject. The absence of such discussion gives rise to the conclusion that interlocutory replevin orders do not fall within the existing exceptions set forth in Rules 311(a)(2) and (a)(4) and that such orders were not intended to be appealable as of right.

■ We accordingly do not believe that the Supreme Court intended interlocutory orders denying or granting the issuance of a writ of seizure in a replevin action to be appealable as of right under Rule 311(a)(2) or (a)(4). To hold otherwise would result in a significant expansion of the limited class of orders for which an interlocutory appeal as of right currently exists. If a change of this magnitude is to be forthcoming it is a matter for our Supreme Court, rather than an intermediate appellate court, to decide.

■ Having found that the instant matter does not fall within the parameters of either Rule 311(a)(2) or (a)(4), we must ascertain whether the order in this case is appealable under Rule 313, which permits an interlocutory appeal to be taken as of right from a collateral order. Pa.R.A.P., Rule 313(a), 42 Pa.C.S.A. A collateral order is defined as one which: (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question such that if review is postponed until final judgment, the claim will be irreparably lost. Rule 313(b). None of these requirements has been met in this case.

The relief sought, *i.e.,* recovery of possession of the property, cannot be deemed collateral to or separable from the main cause of action. The fundamental purpose of a replevin action is to regain possession of the property. Moreover, no rights will be irreparably lost if immediate review is denied. The property in question is not unique, does not possess special qualities, is not perishable and cannot be readily disposed of as it has been affixed to the building. *Compare Lynn v. Lynn, supra* (interlocutory appeal was permitted where the property sought to be replevied consisted of valuable antiques that could be readily sold or removed from the jurisdiction by the defendant and an award for the pecuniary value of the property would not fully compensate the plaintiff in the event the property was lost). Finally, this proceeding does not involve a right which is too important to be denied immediate review, as any loss sustained by appellant could be fully compensated by a pecuniary award in the event appellant's claim proves to be meritorious and the property is lost or otherwise disposed of by appellee. *Compare Lynn v. Lynn, supra.* The parties have thus failed to satisfy the requisites of Rule 313.

Because the order entered in this case does not fall within any of the classes of interlocutory orders for which there exists an appeal as of right and because permission to appeal has not otherwise been sought, jurisdiction is lacking. We are therefore obliged to quash the parties' appeals.

Appeal and cross-appeal quashed.