J.A13045/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PECO ENERGY COMPANY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL P. VERMEYCHUK AND | : | |
| DORIS E. VERMEYCHUK, | : | |
| | : | |
| Appellants | : | No. 3099 EDA 2013 |

Appeal from the Order Entered October 30, 2013
in the Court of Common Pleas of Delaware County
Civil Division at No(s): No. 2013-003745

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED NOVEMBER 05, 2014**

*Pro se* Appellants, Daniel P. Vermeychuk and Doris E. Vermeychuk, appeal from the order entered in the Delaware County Court of Common Pleas granting the motion of Appellee, PECO Energy Company, for a writ of seizure. Appellants claim the Pennsylvania Public Utility Commission has jurisdiction, the trial court erred by denying their motion to dismiss Appellee's replevin action, residential gas and utility meters should not be treated as chattel, and the statute of limitations applies. We quash.

We state the facts as set forth by a prior panel of this Court.

> [Appellants] were behind on their utility bills and worked out an agreement for payment which was approved by Judge Harry J. Bradley. The agreement provided that if

---

[*] Former Justice specially assigned to the Superior Court.

> [Appellants] defaulted in their agreement, [Appellee] could enter judgment in the amount of $36,600.53, less any payments made under the agreement. [Appellants] paid $8,300 and stopped making payments. Several months later [Appellee] certified a default and an Order for Judgment was entered for the amount due less the amount paid. There is no dispute as to the amount due under the Agreement and the amount paid. The Agreement provided that [Appellants] "hereby waive any objection of any kind to [the order of default] or its terms."

*PECO Energy v. Vermeychuk*, 1308 EDA 2006, slip op. at 1 (Pa. Super. Apr. 6, 2007). In that prior case, Appellants had filed a petition to open the confessed judgment on April 28, 2006. *Id.* The trial court denied Appellants' petition, and the prior panel affirmed on April 6, 2007. *Id.*

Subsequently, Appellee filed the underlying complaint raising a claim for breach of contract for $88,761.80, representing unpaid electric bills, and a claim for replevin to repossess the meters on Appellants' property. Appellee's Compl. 3/19/13, at 2-3. On May 3, 2013, Appellee filed a motion for a writ of seizure of the meters. Appellants, on October 18, 2013, filed a petition to vacate the writ of seizure. The court denied Appellants' petition as untimely on October 21, 2013, and granted Appellee's motion for a writ of seizure on October 25, 2013.

On November 6, 2013, Appellants filed both a motion for reconsideration of the October 21, 2013 order and a notice of appeal from the October 25, 2013 order. Appellants did not request permission from this Court to file an interlocutory appeal. The court denied Appellants' motion for

reconsideration on December 3, 2013. Appellants filed an answer to the instant complaint on January 6, 2014.

As a prefatory matter, because the instant claims have not been resolved, we must address whether this Court has jurisdiction to entertain Appellants' appeal from an order granting a writ of seizure. In ***Jerry Davis, Inc. v. NuFab Corp.***, 677 A.2d 1256 (Pa. Super. 1996), the plaintiff moved for a writ of seizure pursuant to a replevin action; the trial court denied the motion and ordered the plaintiff and NuFab Corp. to pay a third party. ***Id.*** at 1257. Both parties appealed from the trial court's order, and the Superior Court examined whether it had appellate jurisdiction:

> [W]e must ascertain whether the trial court's order is nonetheless appealable under [Pa.R.A.P.] 311. . . .
>
> Proper interpretation of Rule 311 must necessarily begin with a review of appellate jurisdiction as conferred by the General Assembly. While the General Assembly has provided a virtually unfettered right to appeal final orders, the right to appeal interlocutory orders has been narrowly circumscribed. Interlocutory appeals are thus available either by permission or as of right. With regard to the latter category, interlocutory appeals as of right exist for those limited classes of orders in which permission to appeal would be regularly permitted. Such orders are to be specified by general rule. Pursuant to this legislative directive, the Supreme Court has identified the classes of interlocutory orders which are appealable as of right; these orders are delineated in [Pa.R.A.P. 311(a)-(f), 313].
>
> Orders involving attachments, receiverships, custodianships or other similar matters affecting the possession or control of property, are among the classes of interlocutory orders which are appealable as of right. Interlocutory orders involving injunctions are likewise appealable as of right. Attachments, custodianships,

receiverships and injunctions have technical and peculiar meanings when applied in the legal context; these terms refer to a particular type of action or remedy. Replevin is likewise a distinct form of legal action and relief. "Replevin" is not a term which can be equated or used interchangeably with attachment, receivership, custodianship or injunction. Our conclusion is supported by the fact that the Supreme Court has enacted specific rules governing the practice and procedure applicable to each of these types of action or relief.

The Supreme Court's adoption of specific rules evinces its awareness of the distinctions between these proceedings and its desire to treat them differently. The Supreme Court has accordingly decided that interlocutory orders relating to attachments, receiverships, custodianships and other similar matters affecting property, as well as injunctions, are all appealable as of right. However, interlocutory replevin orders of the type at issue here were not specifically addressed in either Rule 311(a)(2) or (a)(4). The Court's failure to specifically include such orders therein thus suggests that these orders were not intended to be appealable as of right.

The Court's omission appears to have been deliberate rather than an inadvertent oversight. Prior to the adoption of the procedural rules, the appellate courts quashed interlocutory appeals of replevin orders unless special circumstances justifying immediate appellate review were present. Had a change in the law been intended, mention of this fact would have appeared in either the rule itself or in the commentary thereto. Neither the rule, the comments nor the notes thereto reference this subject. The absence of such discussion gives rise to the conclusion that interlocutory replevin orders do not fall within the existing exceptions set forth in Rules 311(a)(2) and (a)(4) and that such orders were not intended to be appealable as of right.

We accordingly do not believe that the Supreme Court intended interlocutory orders denying or granting the issuance of a writ of seizure in a replevin action to be appealable as of right under Rule 311(a)(2) or (a)(4). To hold otherwise would result in a significant expansion of

the limited class of orders for which an interlocutory appeal as of right currently exists. If a change of this magnitude is to be forthcoming it is a matter for our Supreme Court, rather than an intermediate appellate court, to decide.

Having found that the instant matter does not fall within the parameters of either Rule 311(a)(2) or (a)(4), we must ascertain whether the order in this case is appealable under Rule 313, which permits an interlocutory appeal to be taken as of right from a collateral order. A collateral order is defined as one which: (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question such that if review is postponed until final judgment, the claim will be irreparably lost. None of these requirements has been met in this case.

*Id.* at 1258-60 (citations and footnote omitted).

Instantly, the facts of this case are nearly identical to the facts in *Nufab*. Appellee, identical to the plaintiff in *Nufab*, moved for a writ of seizure pursuant to a replevin claim. *See Nufab*, 677 A.2d at 1257. Appellants, identical to the parties in *Nufab*, appealed from the order resolving the motion for writ of seizure. *See id.* We are bound by the rationale of the *Nufab* Court as Appellee's claims remain unresolved and Appellants did not request permission for an interlocutory appeal. *See id.* Accordingly, we quash.

Appeal quashed. Jurisdiction relinquished.

J. A13044/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014