J.A19039/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

DEMOCRATIC PARTY OF WASHINGTON : IN THE SUPERIOR COURT OF
COUNTY, : PENNSYLVANIA
:
Appellee :
:
v. :
:
MILAN MARINKOVICH, :
:
Appellant : No. 1789 WDA 2013

Appeal from the Order April 28, 2011
In the Court of Common Pleas of Washington County
Civil Division No(s).: 2008-1227

BEFORE: BENDER, P.J.E., OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED DECEMBER 10, 2014**

Appellant, Milan Marinkovich, appeals from the order entered in the

Washington County Court of Common Pleas in this replevin action directing

him to return or reproduce certain financial documents to Appellee,

Democratic Party of Washington County, and scheduling a hearing. We

quash the appeal.

The trial court summarized the facts and procedural posture of this

case as follows:

> The history of the case is as follows: This case was
> before this Court on [Appellee's] Complain[t] in Replevin
> filed against [Appellant who] had been the Chairman of the

---

[*] Former Justice specially assigned to the Superior Court.

Democratic Party for approximately six (6) years through January of 2008. Effective January of 2008, a new Chairman was elected to lead the Democratic Committee and subsequently on February 21, 2008, [Appellee] instituted a replevin action seeking return of the business property and financial records of [Appellee] which were in [Appellant's] possession . . . .

On February 26, 2008, at [Appellee's] request, the Court ordered the Prothonotary of Washington County to issue a Writ of Seizure against [Appellant] for the seizure and return of the following property of [Appellee]: "books of account, all financial records, checkbooks, cancelled checks, bank statements, and any and all other documentation regarding any voluntary contributions that were received or collect on behalf of" [Appellee.] After service of the Writ of Seizure, on February 29, 2008, [Appellee] recovered two Dell computers . . . [Appellee's] checkbook and extra checks, blank deposit tickets and stamp, and one PNC bank statement for the period of January 1, 2008 through January 31, 2008. Thereafter, pursuant to Pa.R.C.P. 1075.2, this Court scheduled a hearing for April 23, 2008.

At the hearing, brief testimony was heard from [Appellant], who claimed that he had no other financial records or property of [Appellee] in his possession[. He] further testified that it was his practice to destroy all bank records and cancelled checks after reconciling [Appellee's] checkbook, thus attempting to explain why the only record available to be returned was the most recent bank statement of [Appellee's] checking account. . . .

No further docket entries appear in the record until April 30, 2010, when, at the request of counsel for both parties, the Court entered an Order scheduling a status conference on this case for September 10, 2010. . . . [O]n April 25, 2011, [docketed April 28, 2011], this Court Ordered [Appellant] to return, or to reproduce at his own expense, all bank statements, cancelled checks, deposit and withdrawal documentation, and related documentation for the period of time of his tenure as Chairman and/or Treasurer of [Appellee within sixty days].

Trial Ct. Op., 6/10/12, at 1-3 (emphasis added). The April 28th order also provided, "A hearing on this matter is hereby scheduled for the 21st of July, 2011, at 2:00 p.m., at which time the Court shall review [Appellant's] compliance with this Order, review the Audit prepared on behalf of [Appellee], and assess any special damages claimed on behalf of [Appellee]." Order, 5/28/11.

This timely appeal followed.[1] Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

---

[1] We note Appellant initially filed his appeal in the Commonwealth Court of Pennsylvania. On May 22, 2012, the Commonwealth Court found that it did not have jurisdiction over the appeal in this replevin action and transferred the case to this Court. ***Democratic Party of Washington County v. Marinkovich***, 821 C.D. 2011 (unpublished memorandum at 3) (Commw. Ct. May 22, 2012). The Court opined:

> [Appellant] and [Appellee] contend that [the Commonwealth] Court has jurisdiction over this matter pursuant to Section 762(a)(4)(C) of the Judicial Code, 42 Pa.C.S. § 762(a)(4)(C). We disagree.
>
> *     *     *
>
> Section 742 of the Judicial Code states in pertinent part that "the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in [any case] . . . where is drawn in question the application, interpretation or enforcement of any . . . statute relating to elections, campaign financing or other election procedures." However, **the action here is in replevin between private parties; it is not an election case**.

- 3 -

Appellant raises the following issues for our review:

I. Did the lower court err in going beyond matters properly before the Court and inequitably ordering Appellant to produce documents of which he had no control?

II. Did the lower court err by finding Appellant had violated the Election Code without any request for such a finding or any evidence that there was any, theft, fraud, or impropriety?

Appellant's Brief at 14, 17.[2]

As a prefatory matter, we consider whether the order appealed from is an interlocutory order. Instantly, Appellant has appealed from an order requiring him to produce various documents and setting another hearing date. A final order is defined in part as "any order that . . . disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). The instant order is not a final order because it did not dispose of all claims and it anticipated further proceedings. *See id.*

We next consider whether the order is an interlocutory order appealable as a matter of right pursuant to Pa.R.A.P. 311. In *Jerry Davis, Inc. v. Nufab Corp.*, 677 A.2d 1256 (Pa. Super. 1996), a contractor filed a replevin action against the lessee of a building, seeking to recover electrical

---

*Id.* at 2 (emphasis added).

[2] We note that Appellant's Statement of the Questions Involved does not comply with Pa.R.A.P. 2116. We have gleaned the questions raised on appeal from the argument section of Appellant's brief where they are stated concisely. Given our resolution of the instant appeal, noncompliance with Rule 2116 is of no moment.

wiring and equipment which he had installed in the building. *Id.* at 1257. The trial court denied the motion for writ of seizure. *Id.* This Court addressed the issue of whether the interlocutory replevin order was appealable as a matter of right pursuant to Rule 311:

> Orders involving attachments, receiverships, custodianships or other similar matters affecting the possession or control of property, are among the classes of interlocutory orders which are appealable as of right. Rule 311(a)(2), *supra*. Interlocutory orders involving injunctions are likewise appealable as of right. Rule 311(a)(4), *supra*. Attachments, custodianships, receiverships and injunctions have technical and peculiar meanings when applied in the legal context; these terms refer to a particular type of action or remedy. **Replevin is likewise a distinct form of legal action and relief.** "Replevin" is not a term which can be equated or used interchangeably with attachment, receivership, custodianship or injunction. Our conclusion is supported by the fact that the Supreme Court has enacted specific rules governing the practice and procedure applicable to each of these types of action or relief. *See*, *e.g.*, Pa.R.C.P., Rules 1071–1088 (replevin), Rule 1531 (injunctions), Rule 1533 (receivers), Rules 3101–3149 (garnishment/attachment), 42 Pa.C.S.A.
>
> The Supreme Court's adoption of specific rules evinces its awareness of the distinctions between these proceedings and its desire to treat them differently. The Supreme Court has accordingly decided that interlocutory orders relating to attachments, receiverships, custodianships and other similar matters affecting property, as well as injunctions, are all appealable as of right. However, **interlocutory replevin orders of the type at issue here were not specifically addressed in either Rule 311(a)(2) or (a)(4)**. The Court's failure to specifically include such orders therein thus suggests that **these orders were not intended to be appealable as of right**.

The Court's omission appears to have been deliberate rather than an inadvertent oversight. Prior to the adoption of the procedural rules, the appellate courts quashed interlocutory appeals of replevin orders unless special circumstances justifying immediate appellate review were present. *See*, *e.g.*, ***Northern Financial Corp. v. Watkins***, [ ] 202 A.2d 9, 9 (1964) (quashing appeal from interlocutory order issuing writ of replevin); ***Lynn v. Lynn***, [ ] 100 A. 975, 976 (1917) (allowing appeal from interlocutory order denying plaintiff's request for impoundment of chattels sought to be replevied where the property consisted of valuable antiques and the actual pecuniary value of the property would not fully compensate the plaintiff in the event the defendant disposed of the goods); ***Singer v. Pintzuk***, 53 Pa. Super. 43, 45–46 (1913) (quashing appeal from interlocutory order refusing to strike off replevin defendant's counterbond, where no substantial right of the plaintiff was violated and resolution of the issues could be redressed on the final determination of the case). Had a change in the law been intended, mention of this fact would have appeared in either the rule itself or in the commentary thereto. Neither the rule, the comments nor the notes thereto reference this subject. The absence of such discussion gives rise to the conclusion that interlocutory replevin orders do not fall within the existing exceptions set forth in Rules 311(a)(2) and (a)(4) and that such orders were not intended to be appealable as of right. **We accordingly do not believe that the Supreme Court intended interlocutory orders denying or granting the issuance of a writ of seizure in a replevin action to be appealable as of right under Rule 311(a)(2) or (a)(4).** To hold otherwise would result in a significant expansion of the limited class of orders for which an interlocutory appeal as of right currently exists. . . .

*Id.* at 1259 (emphases added).

This Court then considered whether the order was appealable as of right as a collateral order pursuant to Pa.R.A.P. 313:

> A collateral order is defined as one which: (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question such that if review is postponed until final judgment, the claim will be irreparably lost. Rule 313(b). None of these requirements has been met in this case.
>
> **The relief sought**, i.e., recovery of possession of the property, **cannot be deemed collateral to or separable from the main cause of action. The fundamental purpose of a replevin action is to regain possession of the property**.

*Id.* at 1260. Accordingly, this Court in **Nufab Corp.** quashed the appeal. *Id.*

Analogously, in the case *sub judice*, the order to return or reproduce documents in this replevin action does not fall within the classes of interlocutory orders for which there exists an appeal as of right. Therefore, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2014