J-A28045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GARY GREGORY, EXECUTOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ELLEN GREGORY, DEC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAFAEL ROBB, | |
| Appellant | No. 366 EDA 2016 |

Appeal from the Order Entered January 5, 2016
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2008-36401

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED DECEMBER 29, 2016**

Appellant, Rafael Robb, appeals from the trial court's order denying his motion to release assets from a constructive trust.  We quash this appeal as interlocutory and remand to the trial court.

We take an abbreviated factual and procedural history in this matter from our review of the certified record.  On July 17, 2009, Appellee, Gary Gregory, executor and personal representative of the estate of Ellen Gregory, filed suit against Appellant after he pleaded guilty to murdering his wife, Ellen Gregory.  On May 6, 2013, the trial court issued an order imposing a constructive trust over all of Appellant's assets and properties.

_____

[*] Retired Senior Judge assigned to the Superior Court.

(**See** Order, 5/06/13). No appeal was taken from that order. On November 7, 2014, a jury found in favor of Appellee and awarded damages of over $120 million.

On May 1, 2015, Appellant filed a motion to release the constructive trust with regard to assets that he claims are exempt from the judgment. On January 5, 2016, the court issued an order denying the motion to release the constructive trust. (**See** Trial Court Opinion and Order, 1/05/16, at 14-15). The court further ordered that the assets be subject to distribution and Appellee be permitted to conduct further financial discovery of Appellant's assets, and stated that it would conduct a hearing to determine their distribution. (**See id.**) This timely appeal followed.

Preliminarily, we must consider the propriety of this appeal. "An appeal lies only from a final order unless otherwise permitted by rule or statute." **Shearer v. Hafer**, 135 A.3d 637, 641 (Pa. Super. 2016), *appeal granted*, 2016 WL 4768945 (Pa. 2016) (citation omitted); **see** Pa.R.A.P. 341(b)(1) ("A final order is any order that: disposes of all claims and of all parties . . . ."). Pennsylvania Rule of Appellate Procedure 311 concerns interlocutory appeals as of right and provides: "An appeal may be taken as of right . . . from . . . [a]n order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property . . . ." Pa.R.A.P. 311(a)(2). "[T]he right to appeal interlocutory orders has

been narrowly circumscribed." ***Jerry Davis, Inc. v. Nufab Corp.***, 677 A.2d 1256, 1258 (Pa. Super. 1996).

The trial court's January 5, 2016 order is not a final order. ***See*** Pa.R.A.P. 341(b)(1). Furthermore, we find no merit to Appellant's claim that it is immediately appealable because it subjected otherwise exempt assets to attachment or execution. (***See*** Appellant's Reply Brief, at 4). The trial court did not distribute the assets in question, but rather scheduled a hearing to determine how they will be distributed. (***See*** Trial Ct. Op. and Order, at 15). Thus, the court's January 5, 2016 order does not meet the stringent requirements of an interlocutory order appealable as of right. ***See Jerry Davis, Inc.***, ***supra*** at 1258; Pa.R.A.P. 311(a)(2). Consequently, we lack jurisdiction at this time to review Appellant's appeal on the merits. Accordingly, we quash this appeal.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2016