J-S05023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID W. HARRIS, III & DANA M. HARRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| HIBBLE & ASSOCIATES, LLC, D/B/A WEICHERT REALTORS HIBBLE & ASSOCIATES, WILLIAM WASSEL, LEVY SHARONE & BETH ZICCARDI | |
| | No. 1040 MDA 2016 |

Appeal from the Order Entered May 25, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2016-CV-132

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 03, 2017**

Appellants, David W. Harris, III, and Dana M. Harris (together, "the Harrises"), appeal from the order entered on May 25, 2016,[1] in the Lackawanna County Court of Common Pleas, sustaining the preliminary objections of Appellees. We quash the appeal.

---

* Retired Senior Judge assigned to Superior Court.

[1] In their notice of appeal, filed in the lower court on June 23, 2016, Appellants note that they appeal "from the order entered in this matter on [sic] 25th day of May, 2016, as amended the 15th day of June, 2016." The June 15 order, which the court entered on June 16, simply denied their motion for reconsideration; it in no way "amended" the May 25 order.

The relevant facts and procedural history of this case are as follows. Appellees are a real estate agency and its broker employee. Appellees, representing Beth Ziccardi and Sharone Levy, submitted a written offer to the Harrises' real estate agent to purchase property owned by the Harrises for $465,000.00. The agreement of sale required Ziccardi and Levy to pay a deposit of $302,000.00, to be held in escrow by the Harrises' agent, pending closing. Ziccardi and Levy tendered a check for $302,000.00 to Appellees, who instead held the check. Ziccardi and Levy ultimately did not move forward with the purchase by the closing date.

The Harrises filed a complaint against Appellees, alleging Appellees made negligent misrepresentations that they would present the deposit check to the Harrises. In the same complaint, the Harrises also made breach of contract claims against Ziccardi and Levy. Appellees filed preliminary objections, asserting four counts of demurrer as well as failure to join a necessary party. Following oral argument, the trial court sustained Appellees' preliminary objections. The Harrises timely filed a notice of appeal.

Pursuant to a rule to show cause issued by this Court, the Harrises filed a response purporting to show how their appeal satisfies the requirements of Pa.R.A.P. 313. The Harrises claim to have satisfied all the elements of Rule 313, making the May 25 order a collateral order and therefore appropriate for our review. Conversely, the trial court insists this is

an unappealable interlocutory order. We agree with the trial court, and consequently find we lack jurisdiction to entertain this appeal.

An appellate court's jurisdiction is typically limited to the review of final orders. **See** Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order.") By definition, an order that does not dispose of all claims as to all parties is interlocutory. **See Spuglio v. Cugini**, 818 A.2d 1286, 1287 (Pa. Super. 2003); Pa.R.A.P. 341.

The collateral order doctrine, however, permits appeal from certain non-final orders. Rule 313 states that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). This Court must undertake a three-step analysis in order to determine whether an order is collateral. "We first address whether the order…is separable from, and collateral to, the main cause of action." **Crum v. Bridgestone/Firestone North American Tire, LLC**, 907 A.2d 578, 583 (Pa. Super. 2006). A separable order is one capable of review without considering the case's underlying merits. **See id**. The order must also "involve a right that is too important to be denied review[,] and, if review is postponed until final judgment, the claim will be irreparably lost." **In re Reglan Litigation**, 72 A.3d 696, 699 (Pa. Super. 2013) (citation and internal quotation marks omitted).

The Harrises' arguments in their response to this Court's order for rule to show cause are without merit. They argue their cause of action against Appellees implicates the remedies available to them in the underlying breach

of contract case against Levy and Ziccardi, but that it can be fairly separated from the same. We disagree. The issue of the deposit is central to the underlying breach of contract case, given that Appellees acted as Levy and Ziccardi's representatives in the home buying process. The Harrises claim they are entitled to the entire deposit check as a result of Levy and Ziccardi's breach. This issue is intertwined with the underlying breach of contract claim in such a way as to make separate review inappropriate. **See Crum**, 907 A.2d at 583.

Moreover, even accepting the dubious premise that the Harrises convincingly argue the first two prongs of the test for a collateral order, their contentions wholly fail to answer the third. While the Harrises baldly cite to Pa.R.A.P. 902 to address the third element in the collateral order analysis, they fail to indicate how their right to appeal these rulings will be irretrievably lost if review is postponed until the final judgment in this case. **See Jerry Davis, Inc. v. Nufab Corp.**, 677 A.2d 1256, 1260 (Pa. Super. 1996) (holding rights not irretrievably lost under collateral order doctrine requirement where loss sustained by appellant could be fully compensated at later date by pecuniary award). Consequently, we cannot say that failure to resolve the issue at this time will have penalties of the kind contemplated by the third prong of our collateral order doctrine analysis. Accordingly, we quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/3/2017</u>