J-A04021-22
J-A04022-22

| | | |
|---|---|---|
| RUBEN HONIK AND RUBEN HONIK AS SHAREHOLDER OF GOLOMB AND HONIK, P.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1876 EDA 2021 |
| RICHARD M. GOLOMB AND GOLOMB AND HONIK, P.C. | : | |
| _____ | : | |
| RICHARD M. GOLOMB | : | |
| v. | : | |
| | : | |
| RUBEN HONIK AND GOLOMB AND HONIK, P.C. | : | |
| | : | |
| APPEAL OF: RUBEN HONIK AND RUBEN HONIK, AS SHAREHOLDER OF GOLOMB AND HONIK, P.C. | : | |

Appeal from the Order Entered August 23, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200701918

| | | |
|---|---|---|
| RUBEN HONIK AND RUBEN HONIK AS SHAREHOLDER OF GOLOMB AND HONIK, P.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD M. GOLOMB AND GOLOMB AND HONIK, P.C. | : | No. 1878 EDA 2021 |
| _____ | : | |
| RICHARD M. GOLOMB | : | |
| | : | |

J-A04021-22
J-A04022-22

|  | : |
| v. | : |
|  | : |
|  | : |
| RUBEN HONIK AND GOLOMB AND HONIK, | : |
| P.C. | : |
|  | : |
|  | : |
|  | : |
| APPEAL OF: RUBEN HONIK AND RUBEN | : |
| HONIK, AS SHAREHOLDER OF GOLOMB | : |
| AND HONIK, P.C. | : |

Appeal from the Order Entered August 23, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200702033

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY NICHOLS, J.:               **FILED MARCH 16, 2022**

In these related appeals, Appellant Ruben Honik, and Ruben Honik, as shareholder of Golomb and Honik, P.C. (collectively Honick), appeals from the August 23, 2021 order that denied Honick's motion to compel Appellee, Richard M. Golomb, and Golomb and Honik, P.C. (collectively Golomb), to comply with the trial court's June 9, 2021 order in this matter involving the dissolution of the parties' professional corporation.[1]  After review, we quash both appeals.

We need not engage in a lengthy review of the history of this matter. Briefly, the trial court entered an order on June 9, 2021 to facilitate the

_____

[1] The appeals involve the same parties, subject matter, and procedural history. **See** Trial Ct. Op., 10/7/21.  Moreover, Appellant's briefs filed at 1876 EDA 2021 (J-A04021-22) and 1878 EDA 2021 (J-A04022-22) are nearly identical.  Accordingly, we address both appeals in this single Judgment Order.

- 2 -

dissolution of the parties' business organization. After the trial court filed the June 9, 2021 order, Honik appealed and Golomb cross-appealed to this Court.[2] Subsequently, Honik filed a motion to compel Golomb's compliance with the June 9, 2021 order on August 21, 2021. On August 23, 2021, the trial court denied Honik's motion, and the instant appeals followed.

"As a general rule, this Court has jurisdiction only over appeals taken from final orders." **Angelichio v. Myers**, 110 A.3d 1046, 1048 (Pa. Super. 2015) (citation omitted). On October 26, 2021, this Court issued a rule to show cause why the appeals should not be quashed as interlocutory. Honik responded that the appeals are proper under Pa.R.A.P. 311(a)(2) and asserted "The Superior Court has not had the opportunity to clearly define what type of judicial orders fall within Rule 311(a)(2)'s catchall provision." Honik's Response to Rule, 11/8/21, at 9. Golomb filed a response, and this Court discharged the rule and referred the issue to our panel. Upon review, we disagree with Honik's position, and we quash the appeals.

Rule 311(a)(2) provides as follows:

**(a) General rule.--**An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

\* \* \*

(2) *Attachments, etc*.--An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter

---

[2] These appeals were docketed at 1315 EDA 2021, 1316 EDA 2021, 1358 EDA 2021, and 1359 EDA 2021, and the appeals remain pending before a separate panel of this Court.

affecting the possession or control of property, except for
orders pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a).

Pa.R.A.P. 311(a)(2).

This Court has held that the right to appeal interlocutory orders is "narrowly circumscribed." ***Jerry Davis, Inc. v. Nufab Corp.***, 677 A.2d 1256, 1258 (Pa. Super. 1996); ***see also*** Pa.R.A.P. 311. In the instant case, the August 23, 2021 order incorporated the June 9, 2021 order, which in relevant part, directed the payment of money into an escrow account during the pendency of appeals in the underlying matter. Order, 8/23/21; Order, 6/9/21, at ¶14. However, the August 23, 2021 order did not confirm, modify, dissolve, or refuse to confirm, modify, or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property. ***See Jerry Davis, Inc.***, 677 A.2d at 1259 (discussing the limited scope of Rule 311(a)(2)). Rather, the August 23, 2021 order is interlocutory and merely denies Honik's motion to compel.[3]

The August 23, 2021 order does not fall within any of the narrowly confined categories enumerated in Rule 311(a)(2). Accordingly, we quash the appeals. We further direct the trial court to enforce compliance with its June

_____

[3] As stated, the parties dispute the directives presented in the June 9, 2021 order, and appeals from that Order remain pending. However, we note that the trial court may direct compliance with of its June 9 Order to the extent of preserving the status quo in the process of dissolving the Firm. ***See Barber v. Stanko***, 257 A.3d 156, 166 n.11 (Pa. Super. 2021) (noting that even after an appeal is taken, the trial court may take such action as may be necessary to preserve the status quo) (citing Pa.R.A.P. 1701(b)(1)).

9, 2021, order to the extent of preserving the status quo in the process of

dissolving the Firm.

Appeals quashed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/2022