454 A.2d 56

Kirk FOULKE

v.

William A. LAVELLE, Deft. and Robert A. Rosin, Esq., Appellants.

Superior Court of Pennsylvania.

Argued Feb. 23, 1982.

Filed Dec. 10, 1982.

Petition for Allowance of Appeal Denied April 5, 1983.

132

134

Geri H. Gallagher, Norristown, for appellants.

Jerome B. Nulty, Souderton, submitted a brief on behalf of appellee.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

This appeal from a denial of a motion to set aside a Writ of Execution raises a jurisdictional question which must be resolved before considering the merits of the case.

Appellant William Lavelle was a creditor of a bankrupt company, Harris, Henry, & Potter, Inc., and appellant Robert Rosin was Trustee in Bankruptcy. In January 1981, the Bankruptcy Court issued its Final Order, directing the distribution of the debtor's assets, including $10,000 which Lavelle had loaned to the Receiver. After the Final Order, but before payment was made, the Court of Common Pleas of Philadelphia issued a Writ of Execution based on a judgment which appellee Kirk Foulke had against Lavelle, and interrogatories were served on Trustee Rosin to determine whether he held Lavelle's funds. Rosin then filed Preliminary Objections to the Writ of Attachment, and Lavelle moved to set aside the Writ, both claiming that the funds in question and the Trustee were immune from state action by reason of 11 U.S.C. § 362(a), which operates to impose an Automatic Stay on the property of a bankrupt's estate. The interrogatories have since been answered.

Appellants Lavelle and Rosin now seek to appeal the order of the lower court which denied Rosin's Preliminary

Objections and dismissed Lavelle's motion. Foulke challenges the appealability of the order, and the applicability of 11 U.S.C. § 362.[1]

Appellate jurisdiction of this Court extends to review of final orders, 42 Pa.C.S. § 742, and interlocutory orders authorized in law or by permission at the discretion of the Court, 42 Pa.C.S. 702(a)(b). A final order ends litigation or disposes of the entire case. An order is interlocutory, and not final, unless it effectively puts the litigant out of court. *Tunstall v. Penn Federal Savings and Loan Association*, 287 Pa.Super. 511, 430 A.2d 1007 (1981), *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980).

In determining what constitutes a final order, the Court looks to a practical rather than a technical construction. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542. An order will be viewed as final if it precludes a party from presenting the merits of his claim to the lower court.

This Court, relying on *Commonwealth v. Orsatti*, 448 Pa. 72, 292 A.2d 313 (1972), has recently explained that "out of court" is not to be interpreted literally. *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981). One must ask whether, even if appellant is still in court, the order in its practical aspects is sufficiently final to make it appealable. The general rule is that an order dismissing a party's Preliminary Objections is interlocutory and therefore not appealable. *Urbano v. Meneses*, 288 Pa.Super. 103, 431 A.2d 308 (1981). An appeal from such an order will be quashed unless it falls within the scope of a statute or special rule which obviates the general rule. *Gibney v. Council of the Borough of Darby*, 38 Pa.Cmwlth.Ct. 566, 394 A.2d 667 (1978), *Opie v. Glasgow, Inc.*, 30 Pa. Cmwlth.Ct. 555, 375 A.2d 396 (1977).

**1.** Appellee Foulke filed a motion with this Court to dismiss the appeal as interlocutory, and we requested both parties to address the jurisdictional propriety of the appeal. A courtesy copy of the motion to dismiss the appeal was sent to the lower court, which inadvertently acted on the Superior Court motion by refusing to quash the appeal (R. 33A).

Pa.R.A.P. 311(a)(1)(2), which appellants invoke, provides for an appeal from an interlocutory order as of right in certain instances:

**Rule 311.   Interlocutory Appeals as of Right**

(a) **General rule.**   Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

(1) *Affecting judgments.*   An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment.

(2) *Attachments, etc.*   An order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property.

Part (2) of the lower court's order, which denies appellant's motion to set aside or stay the Writ of Attachment, has final aspects since it has the result of "affecting the possession or control of property."   It therefore falls within the class of orders which are appealable as or right under Pa.R.A.P. 311(a)(2).

We turn now to the merits of appellant's argument that the disputed funds are protected from the Writ of Attachment by reason of 11 U.S.C. § 362(a), which imposes a stay on all assets of the bankrupt's estate:

**§ 362.   Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

██ The $10,000 in issue in this case is outside the protection of the stay, and within reach of the Writ, for several reasons. First, the language of § 362(a) makes it clear that the purpose of the provision is to protect the funds of the debtor, not creditors of the debtor. The unambiguous language of the statute is supported by the Note to § 362, which reads:

**Notes of Committee on the Judiciary, Senate Report No. 95–989.** The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

██ Second, the funds are not, in fact, part of the bankrupt's estate at all. Lavelle loaned the sum to the Receiver, interest free, to ease cash shortage (R. 16A). The money was not loaned to the bankrupt, Harris, Henry & Potter, Inc., and was never claimed by a creditor of the bankrupt. The automatic stay provisions apply to proceedings against the debtor, the debtor's property, and the property of the estate, but they do not apply to acts against property which is neither the debtor's nor the estate's. If, under Pennsylvania law, the debtor did not have an interest in property at the time the bankruptcy petition was filed, the provisions of 11 U.S.C. § 362 cannot be applied to shield that property. *In re Sparkman,* Bkrtcy.E.D.Pa., 9 B.R. 359 (1981).

██ Finally, even if, *arguendo,* the $10,000 was at one time within the bankrupt's estate, on January 22, 1981 the Bankruptcy Court issued its Final Order of distribution of funds (R. 23A). The issue of the duration of the stay is

clear in the language of the statute and in case law. 11 U.S.C. § 362(c) reads:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection 9(a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

The House Report explaining 362(c) clarifies the duration of the stay. It says, in part,: "Paragraph (2) terminates the stay of any other act on the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied...." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. at 643 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, *In re Berry,* Bkrtcy.W.D.Pa., 11 B.R. 886 (1981) incorporates this explanation of § 362(c) and holds that when an order of discharge is issued, any act to create or enforce a lien against the property of the debtor is no longer subject to the automatic stay and a creditor may pursue whatever actions are available. This holding is consistent with the United States Supreme Court's ruling that the stay of proceedings does not act as a bar, but as a suspension. A discharge in bankruptcy does not oust a state court of jurisdiction over a claim which was institute prior to the discharge. *Dimock v. Revere Copper Co.,* 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994 (1886).

We conclude, therefore, that the Final Order issued in January 1981 terminated the bankruptcy action in its entirety, thus ending the stay, and the $10,000 became the property of appellant Lavelle. This $10,000 is not immun-

ized from the Writ of Execution by virtue of 11 U.S.C. § 362 and we affirm the order of the lower court.

SPAETH, J., concurs in result.