J-A01006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TOTAL RESOLUTION, LLC,<br>ASSIGNEE OF THE HONESDALE<br>NATIONAL BANK | : : : : : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : : : | |
| TOTAL LANDSCAPING, INC., JOHN<br>BOLD, AND BARBARA J. LINDE BOLD | : : : | No. 1391 EDA 2019 |
| APPEAL OF: BARBARA J. LINDE BOLD | : : | |

Appeal from the Order Entered March 28, 2019
In the Court of Common Pleas of Wayne County Civil Division at No(s):
No. 550-CV-2009

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 9, 2020**

Appellant Barbara J. Linde Bold, also known as Barbara Linde, appeals from the order denying the parties' joint motion for a continuance and Appellant's petition to quash the writ of execution filed by Appellee Total Resolution, LLC, assignee of the Honesdale National Bank, or in the alternative for a stay of execution and demand for accounting as moot. For the reasons stated herein, we affirm.

This Court previously summarized the relevant background of this matter:

_____

* Retired Senior Judge assigned to the Superior Court.

Total Landscaping, Inc. (Total Landscaping) is a Pennsylvania corporation owned by Appellant and her ex-husband, John Bold (John). On February 9, 1996, the Honesdale National Bank (the Bank) executed a commercial loan to Total Landscaping in the amount of $500,000. The loan was secured by a promissory note authorizing confession of judgment in the event of default, and Appellant and John executed a personal guaranty for payment.

During the pendency of Appellant's divorce proceedings with John, Total Landscaping defaulted on its loan with the Bank. . . . On July 7, 2009, the Bank filed a complaint to confess judgment against Total Landscaping, Appellant, and John (collectively Judgment-Debtors) for their failure to make payments as required under the promissory note. Upon application from the Bank, the trial court entered judgment against Judgment-Debtors in the amount of $512,805.97. On May 10, 2010, the Bank sold its judgment interest to [Appellee].

*Total Resolution, LLC v. Total Landscaping, Inc.*, No. 665 EDA 2016, 2018 WL 1280500 at *1 (Pa. Super. filed Mar. 13, 2018) (unpublished mem.) (*Total I*).[1]

The trial court summarized the factual and procedural history of this case as follows:

[Appellee] . . . filed a Praecipe for a Writ of Execution on October 10, 2018 directing the Wayne County Sheriff to execute against the property of Defendants, Total Landscaping, Inc., John Bold, and [Appellant] and also against the Garnishee, Linde Corporation asserting a total amount due of $381,605.93. . . . On or about November 19, 2018, [Appellant] filed a Petition to Quash the Writ of Execution, or in the Alternative for a Stay of Execution and Demand for Accounting [as Moot].

---

[1] In *Total I*, Appellee sought, and the trial court granted, an order compelling a judicial sale of Appellant's 50% interest in a partnership in order to satisfy the underlying judgment. *Total I*, 2018 WL 1280500 at *3. On appeal, Appellant challenged the order on various grounds, and this Court affirmed. *Id.* at *6.

Trial Ct. Op., 8/12/19, at 1-2.

In her petition to quash the writ of execution, or in the alternative for a stay of execution and demand for accounting as moot, Appellant argued that Appellee had not properly credited Appellant for distributions that Appellee received from the foreclosure and sale of Appellant's interests in various business entities (Entities). Pet. to Quash, 11/19/18, at ¶¶ 6-12. Appellant requested the writ of execution be quashed on the grounds the judgment was already satisfied. *Id.* at ¶ 13. Appellant argued that Appellee's exclusive remedy to enforce its judgment against Appellant's interest in the Entities was the previously obtained charging orders, which compelled the aforementioned sale of Appellant's interest in the Entities. *Id.* at ¶ 14 (citing 15 Pa.C.S. §§ 8673, 8853). Appellant requested, in the alternative, that execution be stayed until Appellee "fully account[ed] for all consideration received by [Appellee] from the Entities or [Appellant's] interests in the Entities." *Id.* at ¶ 17.

The trial court scheduled a hearing on Appellant's petition for March 28, 2019.[2] According to the trial court,

> [o]n March 27, 2019, the afternoon before the scheduled hearing, [Appellant's] Counsel and [Appellee's] Counsel agreed on a joint motion for a continuance requesting a sixty (60) day continuance of the pending March 28 hearing. [Appellee's] Counsel prepared and provided a copy of the motion to [Appellant's] [C]ounsel who

---

[2] The trial court's scheduling order did not denominate the hearing as a trial. Order, 3/21/19.

did not have any changes or revisions. [Appellant's] Counsel signed the motion.[3] [Appellee's] Counsel and [Appellant's] Counsel placed a phone call to th[e trial] [c]ourt at 4:15pm the day before the scheduled hearing and informed the Deputy Court Administrator of their joint motion. As per Wayne County Court of Common Pleas' local rules, all motions must be presented during Motions Court. Motions Court was scheduled at 9:00am the following morning, immediately prior to the March 28, 2019 scheduled hearing. The Deputy Court Administrator urged both parties to be present due to the possibility that th[e trial] [c]ourt would deny the proposed order and joint motion thus proceeding with the March 28, 2019 hearing as scheduled.

On the morning of March 28, 2019, [Appellee's] Counsel made their [sic] appearance at Motions Court. [Appellee's] Counsel gave the proposed order to the Court Administrator who provided the copy to th[e trial] [c]ourt.[4] Th[e trial] [c]ourt denied said motion and directed the parties to proceed with the schedule[d] hearing that [Appellant's] Counsel requested in their Petition. The hearing proceeded as scheduled and [Appellant] and [Appellant's] Counsel failed to appear at the hearing.[5] Th[e trial] [c]ourt ruled

---

[3] The parties did not file a written motion for continuance with the trial court. Instead, on behalf of the parties, Appellee's counsel orally moved for a continuance at the outset of the March 28, 2019 hearing. N.T., 3/28/19, at 4-6. We acknowledge that the reproduced record includes a copy of an unfiled motion for continuance as an exhibit to Appellee's response to the motion for clarification/reconsideration. Because the motion was never filed, it is not considered part of the official record, and we do not consider it. *See* Pa.R.A.P. 1921.

[4] Appellee's counsel informed the trial court that on the previous day "there was some dialogue and telephone calls back and forth between counsel for" the parties and that the purpose of the continuance request was "to allow the parties to work through some of their disputes." N.T., 3/28/19, at 4.

[5] At the hearing, Appellee called Robert Hessling, the comptroller/treasurer of Linde Corporation, who testified regarding the amount Appellant owed and Appellee's attempts to collect from Appellant and her co-defendants pursuant to the underlying judgment. N.T., 3/28/19, at 7-21; *see also id.* at 5 (stating

in favor of [Appellee] and entered an Order denying [Appellant's] Petition. The Prothonotary of Wayne County served th[e trial] [c]ourt's ruling to all parties in the afternoon of March 28, 2019.

Trial Ct. Op., 8/12/19, at 2-3.

The trial court's March 28, 2019 order stated as follows:

AND NOW, to wit, this 28th day of March, 2019, after an oral motion made by [Appellee's counsel], for a 60 day continuance, said oral motion is hereby DENIED[.]

Further, after a hearing on this matter, it is the order of this court that [Appellant's] petition to quash [Appellee's] writ of execution or in the alternative, for a stay of execution and demand for accounting as moot, is hereby DENIED.

Order, 3/28/19.

Appellant filed a motion for clarification and/or reconsideration on April 10, 2019.[6] Before the trial court ruled on the motion, Appellant filed a timely notice of appeal on April 29, 2019.[7] The trial court issued an order requiring

_____

that the scope of the hearing was limited to "resolving the value of the assets obtained" by Appellee at the "last execution" and "the claim for interest").

[6] In her motion, Appellant cited an email between counsel discussing the joint motion for continuance for the March 28, 2019 hearing. Mot. for Clarification and/or Recons., 4/10/19, Ex. B, R.R. at 78a. The email stated that Appellee would provide a full and complete accounting and the parties would seek a joint sixty-day continuance of the hearing scheduled for the following day. *Id.* The email did not state that a settlement had been reached between the parties. In its response to Appellant's motion for clarification and/or reconsideration, Appellee denied that a settlement agreement had been reached. Resp. to Mot. for Clarification and/or Recons., 4/17/19, at ¶¶ 7, 8, 11, 15.

[7] Appellee argues that Appellant's appeal was untimely filed because Appellant filed her notice of appeal more than thirty days after the entry of the trial

the filing and service of a Pa.R.A.P. 1925(b) statement, and Appellant complied. The trial court issued a responsive Rule 1925(a) opinion, which we discuss in further detail below.

Before we address Appellant's issues, we first examine our jurisdiction to hear this appeal, which we may raise *sua sponte*. **See Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). Pennsylvania Rule of Appellate Procedure 311(a)(2) provides as follows:

> **(a) General rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> *     *     *
>
> (2) *Attachments, etc.*—An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter **affecting the possession or control of property**, except for orders pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a).[8]

---

court's order on March 28, 2019. Appellee's Brief at 14, 21 n.1, 31. Appellee argues that because the thirtieth day from the date the trial court's order was Saturday, April 27, 2019, a timely notice of appeal could be filed no later than Friday, April 26, 2019. **Id.** at 14. We disagree.

Generally, a notice of appeal must be filed within thirty days of the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Pennsylvania Rule of Appellate Procedure 107 incorporates by reference the rules of construction of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901-1991. Under the Statutory Construction Act, when the last day of any computation of a time period falls on a Saturday, Sunday, or legal holiday, it is omitted from the calculation. 1 Pa.C.S. § 1908. The last day Appellant could timely file a notice of appeal was Monday, April 29, 2019. Therefore, the notice of appeal filed on April 29, 2019, was timely filed and we will not quash.

[8] Title 23 is the Domestic Relations Code, which is not at issue in this case.

Pa.R.A.P. 311(a)(2) (emphasis added).[9]

An order denying a motion to set aside or stay a writ of execution is appealable as of right as an interlocutory order under Pa.R.A.P. 311(a)(2). *Foulke v. Lavelle*, 454 A.2d 56, 58 (Pa. Super. 1982). The *Foulke* Court explained that because the trial court's order at issue denied a motion to set aside or stay a writ of execution, the order had "the result of 'affecting the possession or control of property[,' and therefore fell] within the class of orders which are appealable as [of] right under Pa.R.A.P. 311(a)(2)." *Foulke*, 454 A.2d at 58. Turning to the instant case, the trial court's order, which denied Appellant's petition to quash the writ of execution or in the alternative for a stay of execution and demand for accounting as moot, affects "the possession or control" of Appellant's property. *See id.* Therefore, the trial court's order is appealable as of right under Rule 311(a)(2). *See id.*

Having established our appellate jurisdiction under Rule 311(a)(2), we state Appellant's issues, which we have reordered for our review:

> 1. Whether [Appellant] waived her appellate rights by not filing a post-trial motion pursuant to Pa.R.C.P. 227.1.

---

[9] Generally, an order under Rule 311(a) may or may not require a post-trial motion. *Compare Wolk v. Sch. Dist. of Lower Merion*, 197 A.3d 730, 739 (Pa. 2018) (holding order granting injunctive relief under Rule 311(a)(4) did not require post-trial motion due to unresolved claims), *with Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (holding post-trial motion was required following entry of declaratory judgment order under Rule 311(a)(8) after a non-jury trial).

2. Whether the trial court committed error of law and abused its discretion in entering an order denying the joint motion and the petition, where: (1) [Appellant] and [Appellee] entered a settlement agreement prior to entry of the order, (2) the trial court was apprised of the existence of the settlement agreement prior to entering the order, and (3) ruling on the merits of the petition where a settlement agreement disposed of all litigable issues is contrary to Pennsylvania law.

Appellant's Brief at 3 (some capitalization omitted).

Appellant contends that "[u]nder established Pennsylvania law, not only was [Appellant] not required to file such a [post-trial] motion, Rule 227.1 and the accompanying case law in fact **forbids** the same." *Id.* at 11 (emphasis in original). Appellant cites a note to Pa.R.C.P. 227.1, which provides a "motion for post–trial relief may not be filed to matters governed exclusively by the rules of petition practice." *Id.* (emphasis omitted). Appellant asserts that in "the instant case, the trial court's ruling on the petition, from which [Appellant] appealed, bore **no relation** to a trial or trial-like proceeding. Accordingly, [Appellant] was not required - and in fact not permitted - to file a motion seeking post-trial relief." *Id.* at 12 (citing, *inter alia*, ***DiGregorio v. Keystone Health Plan E.***, 840 A.2d 361, 365 (Pa. Super. 2003), and ***Thomas A. Robinson Family, Ltd. v. Bioni***, 178 A.3d 839, 847 n.9 (Pa. Super. 2017)) (some capitalization omitted). Appellant concludes "having appealed from an order governed by petition practice and which was not rendered in connection with a trial, [Appellant] was not required to file a post-trial motion and the issues asserted herein have been properly preserved for appellate review." *Id.* at 13-14.

Appellee counters that a post-trial motion must be filed after a trial court renders a decision to preserve issues for appeal. Appellee's Brief at 19 (citing, *inter alia*, ***Vietri ex rel. Vietri v. Del. Valley High Sch.***, 63 A.3d 1281 (Pa. Super. 2013), and ***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkts.***, 52 A.3d 1233 (Pa. 2012)). Appellee argues that Appellant "availed herself of a motion for post-trial relief when filing her motion for reconsideration/clarification . . . ." ***Id.*** at 18. Appellee construes Appellant's motion as a request for "the trial court to reconsider and clarify its March 28, 2019 final order . . . ." ***Id.*** at 19. Appellee maintains that because Appellant failed to attend the March 28, 2019 hearing, she failed to raise and preserve issues at the hearing for appellate review. ***Id.*** (citing Pa.R.C.P. 227.1(b)(2)); ***see also id.*** at 27.[10] Appellee further argues that Appellant's motion was an untimely post-trial motion, because it was filed on April 10, 2019, which was more than ten days after the trial court's March 28, 2019 order. Appellee's Brief at 20. Appellee concludes that because of these defects, any issues Appellant wished to raise on appeal are waived. ***Id.*** at 21.

The trial court, in its Rule 1925(a) opinion, stated that Appellant's motion for clarification or reconsideration was filed thirteen days after the trial court's judgment and therefore could not be considered a timely post-trial

---

[10] Appellee reiterates that Appellant waived her issues because she did not attend the trial court's March 28, 2019 hearing and therefore could not preserve her issues for appellate review. Appellee's Brief at 27.

motion. Trial Ct. Op., 8/12/19, at 4. The trial court concluded that Appellant's issues were waived because she "failed to file [a] timely post-trial motion[]". **Id.** The trial court did not explain why Rule 227.1 applies to this matter. **See id.** at 3-4.

Appellant's first issue "presents a pure question of law regarding the interpretation of Pa.R.C.P. 227.1; therefore, our standard of review is *de novo* and our scope of review is plenary." **Newman**, 52 A.3d at 1239 (citations omitted). In **G & G Inv'rs, LLC v. Phillips Simmons Real Estate Holdings, LLC**, 183 A.3d 472 (Pa. Super. 2018) (**G & G**), the Court stated the analytical framework as follows:

> [t]o determine whether an appellant must file post-trial motions following an in-court proceeding, we consider whether, under the circumstances of the action:
>
> > (i) the plain language of Rule 227.1 makes clear a post-trial motion is necessary;
> >
> > (ii) case law provides a post-trial motion is necessary, even if Rule 227.1 is silent on the subject; and
> >
> > (iii) practicing attorneys would reasonably expect a post-trial motion to be necessary.
>
> Case law requires a post-trial motion following a proceeding, where the court heard new testimony and received new evidence, which the court relied upon when it issued its decision.

**G & G**, 183 A.3d at 477 (formatting altered and citations omitted).

Pennsylvania Rule of Civil Procedure 227.1 states in pertinent part:

(c) Post-trial motions shall be filed within ten days after

> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>
> (2) notice of nonsuit or the filing of the decision in the case of a trial without a jury.
>
> *   *   *
>
> *Note*: A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. **A motion for post-trial relief may not be filed to orders disposing of . . . other proceedings which do not constitute a trial.**
>
> **A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.**

Pa.R.C.P. 227.1(c) & Note (emphases added and citation omitted).

The rules of petition practice are set forth in Rules 206.1-206.7. Rule 206.1 states in relevant part:

> (a) As used in this chapter, "petition" means
>
> > (1) an application to strike and/or open a default judgment or a judgment of *non pros*, and
> >
> > (2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 *et seq.*

Pa.R.C.P. 206.1(a)(1)-(2). The Wayne County Court of Common Pleas has not adopted a Local Rule 206.1(a).[11]

---

[11] ***See In re M.B.***, ____ A.3d ____, 2020 PA Super 27, 2020 WL 597236 at *8 n.9 (Pa. Super. filed Feb. 7, 2020) (reasoning that rules of petition practice, including Clearfield County Local Rule 206.1(a), barred a post-trial motion following an order resolving a petition to expunge a record of an involuntary commitment).

A petition to quash or stay a writ of execution is governed by Rule of Civil Procedure 3121, which states in relevant part:

> (b) Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing
>
>> (1) a defect in the writ, levy or service; or
>>
>> (2) any other legal or equitable ground therefor.
>
> * * *
>
> (d) The court may on application of any party in interest set aside the writ, service or levy
>
>> (1) for a defect therein;
>>
>> (2) upon a showing of exemption or immunity of property from execution, or
>>
>> (3) upon any other legal or equitable ground therefor.

Pa.R.C.P. 3121(b), (d).

Turning to the instant case, we initially address whether "the plain language of Rule 227.1 makes clear a post-trial motion is necessary . . . ." following a hearing and the trial court's denial of Appellant's petition to quash or stay of writ of execution. *See G & G*, 183 A.3d at 477. As set forth above, Rule 206.1(a) defines "petition" as an "application to strike and/or open a default judgment or a judgment of *non pros*" or "any other application . . . designated by . . . Local Rule 206.1(a)." Pa.R.C.P. 206.1(a)(1)-(2). Appellant's petition, which is subject to Rule 3121, is not an application to strike and/or open a default judgment or a judgment of *non pros*. ***See***

Pa.R.C.P. 206.1(a)(1). Because the Wayne County Court of Common Pleas has not adopted Local Rule 206.1(a), Appellant's petition also does not fall within "any other application which is designated by local rule" 206.1(a). *See* Pa.R.C.P. 206.1(a)(2). *Cf. M.B.*, ____ A.3d ____, 2020 PA Super 27, 2020 WL 597236 at *8 n.9. Because Appellant's petition is not subject to the rules of petition practice under Rule 206.1-206.7, we disagree that her petition was exempt from Pa.R.C.P. 227.1 on that basis. *See* Pa.R.C.P. 227.1(c) & Note (stating, "A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.").

Second, we examine whether case law provides a post-trial motion is necessary since Rule 227.1 was silent on whether a post-trial motion was required following an order resolving a petition to quash or stay a writ of execution. *See G & G*, 183 A.3d at 477. In *G & G*, we examined whether the petitioner was required to file a post-trial motion after the trial court denied its petition to appoint a conservator pursuant to the Abandoned and Blighted Property Conservatorship Act (Act 135). *Id.* at 475-76. There, the trial court held a hearing on the Act 135 petition, which involved the presentation of five witnesses and the introduction of exhibits into evidence. *Id.* at 474-75, 477. The day after the hearing, the trial court denied the Act 135 petition. *Id.* at 475. The petitioner did not file a post-trial motion, but did file a timely notice of appeal. *Id.*

On appeal, the **G & G** Court *sua sponte* examined the issue of whether the petitioner had properly preserved its issues for review. **Id.** at 476. We held that the plain language of Rule 227.1 was silent concerning the necessity to file a post-trial motion following an Act 135 hearing. **Id.** at 477. This Court then concluded that because the hearing involved witness testimony and admission of exhibits, "case law makes clear, and practicing attorneys would reasonably expect," that a post-trial motion was necessary under Rule 227.1. **Id.** The **G & G** Court held that the petitioner waived its issues due to its failure to file a post-trial motion. **Id.** at 477-78. The **G & G** Court, however, nonetheless addressed the issues on the merits and held that the petitioner was not entitled to relief. **Id.** at 478.

In **Wolk v. Sch. Dist. of Lower Merion**, 197 A.3d 730 (Pa. 2018), our Supreme Court held that for non-jury matters, courts should focus "on the stage of the proceedings rather than whether a trial-like proceeding may have been conducted." **Wolk**, 197 A.3d at 739 (footnote omitted). The **Wolk** Court noted that a "decision that disposes of all claims for relief" in a non-jury trial would trigger a post-trial motion. **Id.** at 740.

> The relevant framework of the Rules of Civil Procedure is readily applied to routine cases. More complex cases nonetheless pose some challenges in the rules' application, such as where claims are tried and/or considered in a divided fashion prior to any judgment. . . . And both litigants and the courts can aid in clarifying matters by expressly and candidly gauging their actions according to the rules' prescriptions. In this regard, to the degree that contested factual matters relevant to the determination of substantive claims must be adjudicated, **there should ordinarily be a trial denominated and noticed as such.**

- 14 -

*Id.* (emphasis added and footnote omitted).

Our Supreme Court stated as follows:

We do recognize, however, that circumstances will arise in which the need for an actual trial is obviated after a hearing or hearings that may have been initially designed to address exigencies. In such instances, when a common pleas court enters an order or opinion in a non-jury case that disposes of the last remaining claims**, it should specify that the hearing(s) are then deemed to serve as the trial**, explain that the present order incorporates the aspects of prior determinations that are material to the outcome, and **clarify that post-trial motions are accordingly due**. Where there remain ambiguities that are not addressed by such an opinion or order, the Civil Procedural Rules themselves, or "clear decisional law," the rules are **not** to be applied to the detriment of the litigants' substantive rights and entitlements, including the right to appeal.

*Id.* at 740-41 (citation and footnote omitted and emphases added).

In the instant case, although Appellant's counsel did not appear for the hearing, the trial court heard testimony and received evidence resolving "contested factual matters relevant to the determination of substantive claims" as in *Wolk*. *See id.* at 740; *G & G*, 183 A.3d at 477 (stating proceeding involving witness testimony and admission of evidence required post-trial motion). Specifically, the trial court heard from Mr. Hessling, the comptroller/treasurer of Linde Corporation, and resolved the valuation of the assets seized at the last execution. *See* N.T. at 5, 7-21.

Neither the parties nor the trial court, however, "denominated and noticed" the March 28, 2019 hearing as a trial. *See* Order, 3/21/19; *Wolk*, 197 A.3d at 740-41. Indeed, when the trial court issued its March 28, 2019

order, the order did **not** "specify that the hearing[] [should be] deemed to serve as the trial" and "clarify that post-trial motions [were] accordingly due." **See Wolk**, 197 A.3d at 740-41; **see also** Order, 3/28/19.[12]  We acknowledge that the trial court resolved a contested factual matter.  But the trial court's failure to notify the parties that the hearing would be a trial gave the impression that the parties did not have to file a post-trial motion.  **See Wolk**, 197 A.3d at 740-41; **G & G**, 183 A.3d at 477.

Third, we examine whether "practicing attorneys would reasonable expect a post-trial motion to be necessary."  **See id.**  The **G & G** Court held that "[c]ase law requires a post-trial motion following a proceeding, where the court heard new testimony and received new evidence, which the court relied upon when it issued its decision."  **Id.**  The **Newman** Court framed the inquiry as whether existing case law "reasonably conveyed to practicing attorneys" that filing a post-trial motion was required for a proceeding following remand from an appellate court.  **Newman**, 52 A.3d at 1250.

The parties have not cited any case law holding "a post-trial motion is necessary" following a hearing resolving the amount of a confessed judgment.  **See G & G**, 183 A.3d at 477.  We acknowledge that parties have filed a post-trial motion following a hearing on a petition to stay execution on a confessed

_____

[12] Appellee, however, "candidly" suggested that Appellant's motion for clarification and/or reconsideration be construed as a post-trial motion.  **See** Appellee's Brief at 18; **Wolk**, 197 A.3d at 740.

judgment, but we have not specifically addressed the issue. ***See, e.g.***, ***Higgins v. Pavidis***, 839 A.2d 445, 446 (Pa. Super. 2003) (reciting procedural history that the appellant filed a post-trial motion following grant of the appellee's petition to stay execution on a confessed judgment). Even if a post-trial motion was required, as we noted above, the trial court failed to notify the parties that the hearing would be considered a trial and that post-trial motions were due. ***See Wolk***, 197 A.3d at 740-41. After considering all three of the above factors, and giving deference to the ***Wolk*** Court's admonition that the "rules are not to be applied to the detriment of the litigants'" right to appeal, Appellee has not established that Appellant was required to file a post-trial motion under the circumstances of this case. ***Id.*** at 741.

Having concluded that Appellant was not required to file a post-trial motion, we summarize Appellant's argument in support of her second issue.[13] Appellant argues that the trial court erred in denying her petition to quash the writ of execution because the trial court lacked jurisdiction over the proceedings. In her view, because the parties' "Settlement Agreement vitiated the pending controversy and divested the Trial Court of jurisdiction over the dispute," the trial court was prevented "from ruling on **moot** issues." Appellant's Brief at 6-7 (emphasis added and citing ***In re D.A.***, 801 A.2d 614,

_____

[13] We note that even the ***G & G*** Court addressed the merits after finding the appellant in that case had waived the issues by failing to file a post-trial motion.

615 (Pa. Super. 2002)). Appellant contends that "[o]nce parties have entered a settlement agreement resolving a controversy before a trial court, the court lacks jurisdiction to rule on the matter." *Id.* at 8.

More specifically, Appellant avers that

the parties negotiated and arrived at a settlement agreement. (R. 78a). The parties did not seek – nor was the trial court required - to approve or enforce the terms of the settlement agreement. Obtaining a continuance of the March 28 hearing was not a pre-condition necessary for the settlement agreement to become effective. The parties, moreover, fully apprised the trial court in advance of the hearing that the matter had been resolved.

*Id.* at 9 (some capitalization omitted). In Appellant's view, "[t]he sole matter before the [trial] court on March 28, 2019 was therefore the joint motion [for continuance]. In ruling upon the joint motion, the trial court was restricted to two choices: (1) granting the motion, or (2) denying the motion and dismissing the action without prejudice." *Id.* (some capitalization omitted).

Appellant concludes:

Execution of the settlement agreement completely divested the trial court of jurisdiction over the matter and vitiated its authority to enter an order with any practical legal force or effect. By flagrantly ignoring the parties' resolution of which the trial court was fully aware, proceeding with the hearing, allowing participat[ion] in the hearing despite having committed to a settlement, and then purporting to deny [Appellant's] petition, the trial court acted in clear contravention of Pennsylvania law. In so doing, the trial court committed reversible error of law and abused its discretion.

*Id.* at 10 (citations, footnote, and some capitalization omitted).

On appeal, Appellee denies that it had entered into a settlement agreement with Appellant prior to the March 28, 2019 hearing. Appellee's

Brief at 16, 18, 22-23. Appellee argues that even if it had entered into a settlement agreement with Appellant, the agreement would not be binding unless it was reduced to writing. *Id.* at 21-22.[14]

The trial court's Rule 1925(a) opinion did not address this issue.

Whether a case is moot presents a "pure question[] of law," and therefore, the standard of review is *de novo*. ***Commonwealth v. Dixon***, 907 A.2d 468, 472 (Pa. 2006). "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." ***J.S. v. Whetzel***, 860 A.2d 1112, 1118 (Pa. Super. 2004) (citation omitted and formatting altered). Framed differently, "an issue before a court is moot if the court is unable to enter an order that has any legal force or effect." ***Am. Express Bank, FSB v. Martin***, 200 A.3d 87, 91 (Pa. Super. 2018) (citation omitted).

Pennsylvania Rule of Civil Procedure 229(a) states, "A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229(a). Rule 229.1(c) provides as follows:

> (c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to

---

[14] We note that Appellee quoted from ***Ungate v. Passalacqua***, 613 A.2d 6 (Pa. Super. 1992). Appellee's Brief at 22. Appellee overlooked that its quotation was from the dissent.

- 19 -

the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.

*Note*: . . .

Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.

Pa.R.C.P. 229.1(c). "Plaintiff" is defined as "a party who, by execution of a release pursuant to an agreement of settlement, has agreed to forego a claim of liability against a defendant." Pa.R.C.P. 229.1(a). "'Defendant' means a party released from a claim of liability pursuant to an agreement of settlement[.]" ***Id.***

In ***Motley Crew, LLC v. Bonner Chevrolet Co.***, 93 A.3d 474 (Pa. Super. 2014), this Court explained the effect of a discontinuance:

The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted. Hence, when an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction. The fact that a discontinuance operates to nullify an action as if it was never initiated is further supported by Pa.R.C.P.No. 231(a) . . . .

***Motley Crew***, 93 A.3d at 476 (citations omitted); ***accord Camp Horne Self Storage LLC v. Lawyers Title Ins. Corp.***, 150 A.3d 999, 1001 (Pa. Super. 2016); ***see generally Cameron v. Great Atl. & Pac. Tea Co.***, 266 A.2d 715, 717-18 (Pa. 1970) (holding that because "none of the parties filed praecipes to settle, discontinue and end with prejudice," "the suit was still pending and the court did not lose jurisdiction over the cause of action.").

Instantly, we need not address whether the parties entered into a settlement agreement because a review of the certified record and trial court docket indicates Appellee did not file a praecipe to discontinue the action. *See* Pa.R.C.P. 229(a), 229.1(c). Because Appellee did not file a praecipe to discontinue, the action remained pending before the trial court. *See Motley Crew*, 93 A.3d at 476; *see generally Cameron*, 266 A.2d at 717-18. Because the action remained pending, the trial court continued to "exert jurisdiction," could adjudicate the case or controversy, and could enter orders that have full legal force or effect. *See Martin*, 200 A.3d at 91; *Motley Crew*, 93 A.3d at 476; *Whetzel*, 860 A.2d at 1118. Therefore, we agree with Appellee that the trial court did not err by entering the order at issue. *See Dixon*, 907 A.2d at 472. For these reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/09/2020