## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Community      :
Development Coalition, Inc.      :
     :
        v.      :
     :
Philadelphia Redevelopment      :
Authority,      :    No. 213 C.D. 2022
               Appellant      :    Submitted: March 17, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION BY
JUDGE COVEY                          FILED: June 27, 2023


The Philadelphia Redevelopment Authority (PRA) appeals from the Philadelphia County Common Pleas Court's (trial court) October 22, 2021 order[1] (October 22, 2021 Order) terminating the Philadelphia Community Development Coalition, Inc.'s (PCDC) Petition for the Appointment of Conservator (Petition), lifting the *lis pendens*,[2] and permitting PCDC to file a Petition for Costs. PRA

---

[1] The trial court's order was entered on November 4, 2021. In its Notice of Appeal, PRA also appealed from the trial court's October 22, 2021 order denying PRA's Motion to Dismiss for Lack of Jurisdiction; however, PRA abandoned that appeal in its brief to this Court. *See* PRA Br. at 2. Therefore, this Court affirms that order. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (citation omitted) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").

[2] The Pennsylvania Supreme Court has explained:

> A *lis pendens* is the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, *and until its final judgment thereon*. The existence of a *lis pendens* merely notifies third parties that any interest that may be acquired in the *res* pending the litigation will be subject to the result of the action and is not therefore an actual lien on the property. An order lifting a *lis pendens* during the course of an equity action fixes

presents four issues for this Court's review: (1) whether the October 22, 2021 Order is appealable as of right under Pennsylvania Rule of Appellate Procedure (Rule) 311(a)(2) or, in the alternative, as a collateral order under Rule 313(a); (2) whether PCDC is precluded from recovering fees and costs relating to the Petition's preparation and filing, where a third party abated the conditions on the subject property prior to a hearing on the merits; (3) whether the trial court erred by failing to dismiss the action as moot, where the conditions complained of in the Petition were abated by an independent third party prior to a hearing on the merits; and (4) whether the *American Rule*,[3] controlling Pennsylvania case law, and the statutory language of Section 5(f) of the Abandoned and Blighted Property Conservatorship Act (Act),[4] preclude the recovery of attorney's fees. After review, this Court affirms.

## Facts

On April 13, 2021, PCDC filed its Petition pertaining to a building on PRA's property located at 3110 West Berks Street in Philadelphia, Pennsylvania (Property). Therein, PCDC alleged that the building on the Property (Building) met the conditions for conservatorship under the Act. On May 7, 2021, the trial court scheduled a June 23, 2021 status hearing on the Petition. On May 11, 2021, the City's Department of Licenses and Inspections (L&I) deemed the Property

---

neither rights, duties, nor liabilities between the *parties*, puts no one out of court, and does not terminate the underlying litigation by prohibiting parties from proceeding with the action. Accordingly, the requisite "finality" is not present when a *lis pendens* is lifted and the order, therefore, is interlocutory.

*U.S. Nat'l Bank in Johnstown v. Johnson*, 487 A.2d 809, 812 (Pa. 1985) (citations omitted).

[3] "The American Rule states that a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties[,] or some other established exception." *Richard Allen Preparatory Charter Sch. v. Dep't of Educ.*, 161 A.3d 415, 428 (Pa. Cmwlth. 2017), *aff'd*, 185 A.3d 984 (Pa. 2018).

[4] Act of November 26, 2008, P.L. 1672, *as amended*, 68 P.S. § 1105(f).

imminently dangerous. On May 13, 2021, L&I issued a demolition permit and, that same day, the City hired a contractor that demolished the Building.[5] On May 27, 2021, PRA answered the Petition and raised affirmative defenses, including that the Building's demolition rendered the Petition moot. On June 15, 2021, PCDC filed its answer to PRA's new matter and affirmative defenses.

On August 4, 2021, following oral argument, the trial court concluded that the demolition rendered the matter moot and dismissed the Petition. On August 17, 2021, PCDC filed a Motion for Reconsideration/Motion for Post-Trial Relief (Motion for Reconsideration), requesting the trial court to vacate its August 4, 2021 order. On August 30, 2021, PRA submitted its response to the Motion for Reconsideration. On September 2, 2021, the trial court granted the Motion for Reconsideration and vacated its August 4, 2021 order.

The trial court scheduled an evidentiary hearing for October 22, 2021, to determine whether PCDC met the conditions for conservatorship on the Petition's April 13, 2021 filing date. Prior to the evidentiary hearing, on September 28, 2021, PRA filed a Motion to Dismiss for Lack of Jurisdiction (Motion to Dismiss).[6] The trial court conducted the evidentiary hearing on October 22, 2021. At the hearing's conclusion, the trial court held that PCDC proved that the Property met the conservatorship conditions on the Petition filing date, and terminated the Petition because the Building's demolition remediated the Property's blighted condition.

---

[5] The Property is now a vacant lot.
[6] On October 19, 2021, PCDC filed its response to PRA's Motion to Dismiss.

3

The trial court declared in the October 22, 2021 Order:

> 1. The [trial c]ourt finds that [PCDC] has satisfied its burden to show that the conditions of conservatorship have been met as of the date of filing of the Petition under Section [5(d) of the Act], 68 P.S. § 1105(d);
>
> 2. The [trial c]ourt further finds that, [because] the City [] having demolished the building on the [] Property subsequent to the filing of the [P]etition, the conditions alleged in the Petition and proven by [PCDC] have subsequently been remediated and no longer exist;
>
> 3. The Petition is accordingly **TERMINATED** and the *lis pendens* **LIFTED**.
>
> 4. [PCDC] may, no later than thirty (30) days from the docketing of this [October 22, 2021] Order, file a Petition for Fees and Costs to recover such fees and costs authorized under the Act.

Reproduced Record (R.R.) at 250a. The trial court also denied PRA's Motion to Dismiss.[7]

PRA appealed to the Pennsylvania Superior Court. On February 7, 2022, the appeal was transferred to this Court. On March 18, 2022, PCDC filed a motion to quash the appeal (Motion to Quash) in this Court, alleging therein that this Court lacks jurisdiction because the trial court's orders are not final orders. On May 2, 2022, PRA filed its answer to the Motion to Quash. By May 10, 2022 Order, this Court directed that the Motion to Quash be decided with the appeal's merits.

_____

[7] On November 15, 2021, PRA filed a Motion for Reconsideration, renewing its request to dismiss the Petition for lack of jurisdiction. On November 19, 2021, PCDC filed a Petition for Statutory Costs and Fees. On December 3, 2021, PCDC filed its response to PRA's Motion for Reconsideration. On December 9, 2021, the trial court concluded that the Notice of Appeal rendered PRA's Motion for Reconsideration moot. On that same day, PRA filed its response to PCDC's Petition for Statutory Costs and Fees. On December 6, 2021, the trial court ordered PRA to file a Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement). On December 22, 2021, PRA filed its Rule 1925(b) Statement.

4

## Discussion

## Motion to Quash

Preliminarily, because PCDC's Motion to Quash is dispositive, this Court will address it first. PCDC argues that the trial court's October 22, 2021 Order is not appealable, and, therefore, the instant appeal should be quashed.[8] PRA contends that it may appeal from the October 22, 2021 Order as of right under Rule 311(a)(2) or, in the alternative, as a collateral order under Rule 313(a).

Rule 311(a) provides, in pertinent part:

> **General Rule**. An appeal may be taken as of right and without reference to [Rule] 341(c) [(relating to determinations of finality)] from the following types of orders:
>
> . . . .
>
> (2) *Attachments, etc.* An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter[9] affecting the possession or control of property . . . .

---

[8] "In order to appeal to this Court as a matter of right, a party generally must take an appeal from a final order as defined by [Rule] 341." *Saint Joseph Hosp. v. Berks Cnty. Bd. of Assessment Appeals*, 709 A.2d 928, 934 (Pa. Cmwlth. 1998) (footnote omitted). Rule 341(b) states:

> A final order:
> (1) disposes of all claims and of all parties;
> . . . .
> (3) is entered as a final order pursuant to subdivision (c) of this rule; or
> (4) is an order pursuant to subdivision (f) of this rule [pertaining to post-conviction relief].

Pa.R.A.P. 341. The parties do not dispute that the October 22, 2021 Order was not a final order.

[9] In *Philadelphia Community Development Coalition v. Isabella* (Pa. Cmwlth. Nos. 11, 12, 268 C.D. 2019, filed August 4, 2019), this Court concluded that an appeal from a proceeding under the Act fell within Rule 311(a)(2). This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Isabella* is cited herein for its persuasive authority.

5

Pa.R.A.P. 311(a).

> Notably,
>
>> [the Act] authorizes a court to appoint a conservator to rehabilitate a deteriorating building, thereby incurring debt that ultimately may be the owner's responsibility. The conservator is responsible for bringing buildings into municipal code compliance when owners fail to do so.
>>
>> Section 2 of [the Act], 68 P.S. § 1102, authorizes the filing of a Petition for the Appointment of a Conservator with the court of common pleas by certain named interested parties who seek the appointment of a conservator to take possession of the property, undertake its rehabilitation and, as appropriate, ultimately sell the property unless reclaimed by the owner(s).

*In re Conservatorship Proceeding in Rem by Germantown Conservancy, Inc.*, 995 A.2d 451, 453 (Pa. Cmwlth. 2010). PCDC argues that the trial court's October 22, 2021 Order is not appealable because, although the trial court found that conditions existed for a conservator's appointment under the Act, the trial court did not appoint a conservator, and it *dismissed* the action after the Building's demolition removed the blight. Thus, PCDC asserts that the trial court's October 22, 2021 Order did not "affect[] the possession or control of property," and it is not an appealable interlocutory order under Rule 311.

PRA retorts that "[a] conservatorship proceeding is a 'similar matter,' akin to an attachment, custodianship, or receivership invoking Rule 311(a)(2)." PRA Br. at 12. Citing *Triffin v. Interstate Printing Co.*, 515 A.2d 956 (Pa. Super. 1986), PRA equates the trial court's October 22, 2021 Order "granting conditional relief but not appointing a conservator" as "a refusal to confirm a conservatorship[.]" PRA Br. at 14. In *Triffin*, a secured creditor sought to execute his judgment by attaching the debtor's bank accounts. The trial court denied the creditor's motion for entry of judgment on the pleadings, and the creditor appealed.

6

On appeal, the Pennsylvania Superior Court considered its jurisdiction pursuant to Rule 311(a)(2), reasoning:

> Rule 311(a)(2) authorizes appeals from interlocutory orders that either do or refuse to modify, confirm[,] or dissolve attachments or similar matter[s] affecting the possession or control of property. The [b]ank asserts that the order of the trial court did not accomplish any of the results contemplated by Rule 311(a)(2). [The Pennsylvania Superior Court] find[s] that the [b]ank's assertion is incorrect.
>
> To comply with Rule 311(a)(2), [the creditor] sought judgment on the pleadings which, if granted, would have confirmed [the creditor's] attachment.
>
> In opposing [the creditor's] motion for judgment on the pleadings, the [b]ank was seeking to **have the trial court refuse to confirm the attachment by not entering judgment against the garnishee** [b]ank. **This was the heart of the dispute that the [trial] court's order resolved against** [**the creditor**] **and the court did so only after permitting discovery of the facts pertinent to whether the** . . . **accounts could be attached**. There was no further action required by the [trial] court. The [trial] court had all relevant facts before it when **it denied** [**the creditor's**] **judgment on the pleadings**, **thereby refusing to confirm the attachment**. [Rule] 311(a)(2). Therefore, [**the creditor's**] **appeal from the** [**trial**] **court's denial of judgment on the pleadings falls squarely within** [**Rule**] **311(a)(2), as an action refusing to confirm an attachment**.[10]

*Triffin*, 515 A.2d at 957-58 (footnote omitted; emphasis added).

Unlike in *Triffin*, which involved an attachment, the instant matter involves a conservatorship "to take possession of the property, undertake its

---

[10] In *Foulke v. Lavelle*, 454 A.2d 56 (Pa. Super. 1982), the Pennsylvania Superior Court held that a trial court order, which denied a motion to set aside or stay a writ of attachment, "has final aspects since it has the result of 'affecting the possession or control of property.' It therefore falls within the class of orders which are appealable as o[f] right under [Rule] 311(a)(2)." *Foulke*, 454 A.2d at 58.

7

rehabilitation and, as appropriate, ultimately sell the property unless reclaimed by the owner(s)." *Germantown Conservancy, Inc.*, 995 A.2d at 453. Nonetheless, both *Triffin* and the instant matter involve "an order . . . affecting the possession and control of property[.]" Pa.R.A.P. 311(a). Although the Building was demolished, the purpose of the trial court's hearing was to determine whether the conservatorship conditions were met as of the Petition's filing date, i.e., whether to confirm a conservator, or refuse to confirm a conservator.

Further, the Act provides for a petitioner to recover fees and costs if the petitioner meets the conditions for conservatorship. The PCDC alleged in the Petition that "the Property is a vacant, three[-]story residential building . . . ." R.R. at 33a. Section 3 of the Act defines "building" as, "[a] residential, commercial or industrial building or structure and the land appurtenant thereto, **including a vacant lot on which a building has been demolished**." 68 P.S. § 1103 (emphasis added). The fact that the building had been demolished does not alter the fact that the trial court's order denying the conservatorship affected the Property by declining to direct that a conservator "take possession of the property[.]" *Germantown Conservancy, Inc.*, 995 A.2d at 453. It "was the heart of the dispute that the [trial] court resolved . . . ." *Triffin*, 515 A.2d at 958. Accordingly, because the instant appeal "falls squarely within [Rule] 311(a)(2)," *id*., this Court denies the Motion to Quash.

**Fees and Costs**

PRA contends that PCDC is precluded from recovering fees and costs under the Act relating to its preparation and filing of the Petition because the conditions on the Property were abated by a third party before a hearing on the merits. *See* Section 10 of the Act, 68 P.S. § 1110. PRA further argues that fees and costs may not be awarded under Section 5(f) of the Act, entitled "Conditional relief," 68 P.S. § 1105(f) (Conditional Relief Provision).

8

Section 5(f) of the Act states:

(1) If the court finds **after a hearing** that the conditions for conservatorship set forth in subsection (d) [(pertaining to conditions for conservatorship **as of the date of the petition's filing**[11])] have been established, **but the owner represents that the conditions, violations or nuisance or emergency condition will be abated in a reasonable period**, the court may **allow the owner to proceed to remedy the conditions**.

(2) If the conditions set forth in paragraph (1) have been satisfied, the court shall enter an order providing that, in the event that the violations or nuisance or emergency conditions are not abated by the owner by a specific date or that other specified remedial activities have not occurred by a specific date or dates, an order granting the relief requested in the petition shall be entered.

(3) The court shall also require the owner to post a bond in the amount of the repair costs estimated in the petition as a condition to retaining possession of the building.

(4) Upon a finding that:

    (i) the petition states conditions for conservatorship; or

    (ii) the owner elects to either:

        (A) remedy all violations and nuisance or emergency conditions; or

        (B) sell the property subject to the conservatorship,

**the owner shall reimburse the petitioner for all costs incurred by the petitioner in preparing and filing the petition in accordance with the requirements of [S]ection 4 [of the Act] and the conservator's or developer's fee**.

---

[11] Section 5(d) of the Act states, in relevant part: "If a petition is filed under [S]ection 4 [of the Act], the court may appoint a conservator if all of the following apply **as of the date of filing**[,]" and lists relevant conditions thereunder.  68 P.S. § 1105(d) (emphasis added).

9

68 P.S. § 1105(f) (emphasis added).

Section 10 of the Act, which addresses conservatorship termination, similarly provides:

> Upon request of a party in interest or the conservator, the court may order the termination of the conservatorship if it determines:
>
> (1) the conditions that were the grounds for the petition and all other code violations have been abated or corrected, **the obligations**, **expenses and improvements of the conservatorship**, **including all fees and expenses of the conservator**, **have been fully paid or provided for** and the purposes of the conservatorship have been fulfilled;
>
> (2) the owner, mortgagee[,] or lienholder has requested the conservatorship be terminated and has provided adequate assurances to the court that the conditions that constituted grounds for the petition will be promptly abated, **all obligations**, **expenses and improvements of the conservatorship**, **including all fees and expenses of the conservator**, **have been fully paid or provided for**[,] and the purposes of the conservatorship have been fulfilled;
>
> (3) the building has been sold by the conservator and the proceeds distributed in accordance with [S]ection 9(d) [of the Act, 68 P.S. § 1109(d)]; or
>
> (4) the conservator has been unable, after diligent effort, to present a plan that could be approved under [S]ection 6(b)(3) [of the Act, 68 P.S. § 1106(b)(3)] or to implement a previously approved plan or, for any reason, the purposes of the conservatorship cannot be fulfilled.

68 P.S. § 1110 (emphasis added).

The Act's language clearly represents the General Assembly's intent that, where a petition states conditions for conservatorship under the Act, fees and costs should be awarded both when a conservator need not be appointed under the

10

Conditional Relief Provision, *see* Section 5(f) of the Act, and when a conservator is appointed.  *See* Section 10 of the Act.

PRA asserts that the Conditional Relief Provision applies **only if**, "**after a hearing**[,]" 68 P.S. § 1105(f)(1) (emphasis added), the owner "**elects**[,]" 68 P.S. § 1105(f)(4)(ii) (emphasis added), to either remedy all violations or to sell the property subject to the conservatorship.  Here, PRA describes that PRA made no such election; rather, L&I, by contractor, demolished the Building on the Property **before** the hearing.  PRA expounds:

> There is no provision in the Act providing for payment of costs and developer's fees to a petitioner where an independent third party, here L&I, with the undisputed authority to do so, demolishes the [p]roperty prior to a hearing.  The PRA, as owner here, never made any election or representation under the Conditional Relief [P]rovision . . . , either to remedy any alleged conditions or to sell the Property.  Nor could it have done so, because of L&I's intervening action that led to the [Building] being demolished.  Accordingly, Section 5(f) of the Act is simply not applicable.

PRA Br. at 20-21.

Contrary to PRA's contention, the Conditional Relief Provision's plain language provides for payment of costs and fees when **either** <u>the petition states conditions for conservatorship</u> **or** the owner elects to either remedy the violations or sell the property.  *See* 68 P.S. § 1105(f)(4); *see also Francisville Neighborhood Dev. Corp. v. Est. of Moore*, 174 A.3d 1193 (Pa. Cmwlth. 2017).

In *Francisville*, a neighborhood organization petitioned for appointment of a conservator.  In its answer to the petition, the owner noted that the property was listed for sale.  At a hearing, the parties agreed to allow the property to be sold.  Following the property's sale, the trial court held a hearing regarding fees

and costs. The trial court granted fees and costs and a conservator's fee and the owner appealed. This Court stated:

> We recognize that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Every statute, <u>shall be construed to give effect to all of its provisions</u>." *Id*. (emphasis added). In ascertaining legislative intent, it is presumed that the General Assembly did not intend a result that is absurd or unreasonable. 1 Pa.C.S. § 1922(1). Further[,] it is presumed that the General Assembly intends that the entire statute be effective and certain. 1 Pa.C.S. § 1922(2).
>
> **Under the clear language of** [**the Conditional Relief Provision**] **there are two alternate findings which would require a trial court to award fees and costs to a petitioner** . . . : 1) **a finding that** "**the petition states conditions for conservatorship**;" <u>or</u> 2) the owner makes certain elections, including to "sell the property subject to the conservatorship." 68 P.S. § 1105(f)(4).

*Francisville*, 174 A.3d at 1199-1200 (bold emphasis added). The *Francisville* Court also rejected the property owner's argument that a conservatorship fee should not be paid to the petitioner because it was not appointed conservator, stating: "Section []5(f) of the Act expressly requires the conservatorship fee to be paid to the petitioner . . . if the trial court makes a finding satisfying one of the alternate statutory bases for award of fees and costs." *Francisville*, 174 A.3d at 1200.

PRA attempts to distinguish *Francisville* on the basis that, therein, the property owner elected to sell the property after the hearing, and such circumstances fall squarely within the Conditional Relief Provision, thereby authorizing an award of fees and costs. In contrast, PRA argues that, in the instant matter, "by the time of the first status hearing . . . , the [Building] had been completely demolished by a contractor selected by L&I." PRA Br. at 20.

12

However, notwithstanding that PRA did not explicitly make an election to "remedy all violations and nuisance or emergency conditions[,]" 68 P.S. § 1105(f)(4)(ii)(A), such was not necessary for PCDC to be awarded fees and costs. As the *Francisville* Court noted, one of the "two alternate findings which would require a trial court to award fees and costs to a petitioner . . . [is] a finding that 'the petition states conditions for conservatorship[.]" *Id*. at 1200. Here, the trial court expressly found that "the conditions of conservatorship ha[d] been met[.]" R.R. at 250a. Accordingly, the trial court correctly held that PCDC was not precluded from recovering fees and costs under the Act related to the Petition's preparation and filing.

## Mootness

PRA next argues that the trial court erred by failing to dismiss the action as moot, where the conditions described in the Petition were abated by an independent third party before a hearing on the merits.

This Court has explained:

Generally, courts do not decide moot issues. A case is moot if there exists no actual case or controversy, and the controversy must continue at every stage of a judicial proceeding. *Mistich v. Commonwealth*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This Court has described "actual case or controversy" as follows:

(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Id*. A case is moot when a determination will not have any practical effect on the existing controversy. *Butler v.*

13

*Indian Lake Borough*, 14 A.3d 185, 188 (Pa. Cmwlth. 2011).

*Szabo v. Commonwealth*, 212 A.3d 1168, 1172 (Pa. Cmwlth. 2019) (citation omitted).

Following the trial court's August 4, 2021 order determining that the demolition rendered the matter moot, the trial court granted PCDC's Motion for Reconsideration based on the Act's requirement that the trial court evaluate whether conditions exist to appoint a conservator *as of the date of the Petition's filing*. Upon reconsideration, the trial court ruled that the matter was not moot because the issue before the trial court was whether the conditions existed as of the Petition's filing date, rather than the hearing date. The subsequent remediation by the Building's demolition did not dispose of that issue. The trial court was required to conduct a hearing in order to comply with the Act's provisions and to consider whether the Act required PRA to pay fees and costs. Accordingly, the trial court properly granted reconsideration and refused to dismiss the case for mootness.[12]

## **Conclusion**

For all of the above reasons, the Motion to Quash is denied, and the trial court's October 22, 2021 Order is affirmed.

_____
ANNE E. COVEY, Judge

---

[12] PRA also contends that the *American Rule*, controlling Pennsylvania case law, and the statutory language of Section 5(f)(4) of the Act, preclude the recovery of attorney's fees absent statutory authority. Because this Court concluded herein that the Act provided for the award of fees and costs, PRA's contention is without merit.

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Community        :
Development Coalition, Inc.       :
                                    :
          v.                  :
                                    :
Philadelphia Redevelopment     :
Authority,                       :    No. 213 C.D. 2022
            Appellant     :

## O R D E R

AND NOW, this 27th day of June, 2023, the Philadelphia Community Development Coalition, Inc.'s Motion to Quash is DENIED and the Philadelphia County Common Pleas Court's October 22, 2021 orders are AFFIRMED.

_____
ANNE E. COVEY, Judge